351 So.2d 1071 (1977)
Willie BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-19.
District Court of Appeal of Florida, Fourth District.
August 23, 1977.
*1072 Dewey A.F. Ries, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from a judgment and conviction of manslaughter. The defendant was tried on a two count information for second degree murder involving the death of Lawrence Bradley and aggravated assault involving Beatrice Bradley, Lawrence's mother. A verdict of not guilty was returned on the aggravated assault charge. The defendant appeals on the grounds that the trial court erred in refusing to allow testimony as to the deceased's reputation for violence and in instructing the jury as to flight. We find no error with reference to the instruction on flight but reverse because of the exclusion of testimony as to reputation.
The defendant admitted shooting Bradley and his mother but claimed self defense. The defendant testified he shot the deceased because "... he was pulling his gun to shoot me." The defendant called his wife and his sister-in-law as witnesses and attempted to have each testify as to the reputation of the deceased. The prosecutor objected each time on the ground that the defendant himself had not established he had prior knowledge of the deceased's reputation. Each time the trial court ruled that such testimony was not admissible absent a showing of the defendant's prior knowledge. At the close of the case the trial court did instruct the jury that the deceased's character or reputation for violence might be considered if such fact was known to the defendant when the incident took place.
Evidence of a deceased's violent character is admissible when self defense is asserted if there is an issue as to either the conduct of the deceased or the reasonableness of the defendant's belief as to imminent danger from the deceased. Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Fine v. State, 70 Fla. 412, 70 So. 379 (1915); Copeland v. State, 41 Fla. 320, 26 So. 319 (1899); Williams v. State, 252 So.2d 243 (Fla.4th DCA 1971). Both issues were present in this case. When the defendant seeks only to prove that his actions were based on the deceased's reputation for violence it is necessary that the defendant establish prior knowledge of such reputation before evidence of reputation is admissible.
However, prior knowledge is not necessary in order to introduce reputation evidence on the issue of the deceased's conduct at the time of the incident in question. Cole v. State, 193 So.2d 47 (Fla.1st DCA 1967). Reputation testimony is one way to prove character and it is the decedent's character that is actually sought to be proven by reputation testimony in order to shed light on his conduct at the time of the incident involved.
In this case where the defendant's only defense was self defense we are unable to say that the failure to admit reputation evidence was harmless error. For this reason the judgment of conviction is reversed and this cause is remanded for a new trial.
ALDERMAN, C.J., and LETTS, J., concur.