DAUKSCH, Judge.
Appellant was indicted for murder in the First Degree and convicted of murder in the Second Degree after a jury trial. As tenuous as it might have been the appellant had a defense of justifiable homicide to present to the jury. She testified as to her acting in self defense, which, if sufficiently established, can permit the jury to acquit under the definition of justifiable homicide. *362 After she testified the court ruled she could not present her witnesses as to the violent character and reputation of the deceased and she would not be permitted to have the jury charged on the law of justifiable homicide. It is noted, however, the court did charge the jury on justifiable homicide.[1] It was error for the trial judge to on the one hand disallow the appellant from presenting her witnesses’ testimony about the character and propensities of the deceased and then charge the jury that it may consider evidence of the character of the deceased. The error was not the giving of the charge but the disallowing of the testimony. The judgment and sentence are reversed and the matter remanded for new trial. Palm v. State, 135 Fla. 258, 184 So. 881 (1938); Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Banks v. State, 351 So.2d 1071 (Fla. 4th DCA 1977); Coker v. State, 212 So.2d 648 (Fla. 1 DCA 1968); Cole v. State, 193 So.2d 47 (Fla. 1 DCA 1966).
REVERSED AND REMANDED.
LETTS, J., and BLACK, SUSAN H., Associate Judge, concur.

. It is further noted neither the appellant’s nor the appellee’s brief indicate appellate counsel were aware of this fact. One of the principal errors alleged was the failure to give that instruction.