PER CURIAM.
Appellant was charged with first-degree murder and convicted of third-degree murder after a jury trial. He challenges the conviction on three grounds: (1) the trial court should have granted his request for a particular jury instruction on self-defense; (2) the court should have admitted testimony intended to establish the victim’s violent character and reputation in the community for violence; and (3) the trial judge should have reinstructed the jury on the definitions of justifiable and excusable homicide along with his reinstruction on the definition of first-, second-, and third-degree murder.
We affirm on Point I. The trial judge gave proper instructions on self-defense and excusable homicide, and the requested instruction would have added little or nothing to the jury’s understanding of self-defense. See State v. Coles, 91 So.2d 200 (Fla.1956).
We reverse, however, on appellant’s second point. The facts adduced at trial were that appellant and the victim had been arguing, and the victim went into the bedroom to get a gun. There was testimony that the victim threatened appellant immediately before she picked up the weapon, which he took away from her. They returned to the living room and, shortly thereafter, the gun went off.
Appellant contends he should have been allowed to show the victim’s violent character and reputation for violence, but the state argues the facts were such that a valid defense of self-defense was untenable. Absent self-defense, according to the state, the victim’s character is irrelevant to a defense of accidental homicide.
We hold that evidence of the victim’s character should have been introduced, in part because appellant did claim self-defense. That the self-defense claim may have been tenuous should not have barred introduction of character and reputation evidence. Anderson v. State, 362 So.2d 361 (Fla. 4th DCA 1978). Evidence of deceased’s violent and dangerous character is admissible if “it explains, or will give meaning, significance, or point to, the conduct of the deceased at the time of the killing . . . .” Garner v. State, 28 Fla. 113, 9 So. 835 (1891). Appellant’s contention that the shooting was accidental, moreover, might have been buttressed by evidence regarding the victim’s violent character, and appellant’s knowledge of that violent character, which might have caused him to act as he did during the moments immediately preceding the homicide.
The trial court also erred in giving only a partial reinstruction to the jury. The colloquy between the judge and the jury foreman is somewhat equivocal. The foreman asked the judge for reinstruction on the “penalties” for the various possible crimes, from first-degree murder down to manslaughter. The judge, however, rein-structed on the elements of those crimes, not their penalties. He only made passing reference to excusable or justifiable homicide.
It is true that in Henry v. State, 359 So.2d 864 (Fla.1978), the Supreme Court approved reinstruction only on the differences between first-degree and second-degree murder, but in that case the foreman asked for clarification only on those two *847 degrees of murder. The court, moreover, distinguished the facts in Henry from those in Hedges v. State, 172 So.2d 824 (Fla.1965), wherein the Supreme Court reversed because the trial judge, asked to reinstruct on the degrees of homicide, refused to include justifiable and excusable homicide in his discussion of manslaughter. Hedges controls our decision on this point, and we reverse.
LARRY G. SMITH and SHIVERS, JJ., concur.
McCORD, J., dissents.