410 So.2d 579 (1982)
Harvey Davonne SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 81-667.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
Rehearing Denied March 24, 1982.
*580 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Harvey Davonne Smith was convicted of manslaughter by an act of culpable negligence and sentenced to a ten-year term of imprisonment.
The principal issue on appeal goes to the admissibility of certain evidence and therefore requires an examination of the facts.
On November 3, 1980, Thomas Williams and Calvin Goodwin were engaged in a fight at the side door of the Blue Heron Bar. While Williams and Goodwin were locked in physical combat on the ground, Goodwin's friend, Earl Snyder, Jr., was standing next to them. Appellant, a friend of Williams, walked out of the Blue Heron Bar where he had been shooting pool. Appellant swung the cue stick he was carrying at Snyder, striking him above the ear on the right side of the head. Snyder ultimately died from this blow.
Appellant testified that Snyder was bending over the men who were fighting. According to appellant, he saw Snyder reach under his shirt in the front. Appellant believed that Snyder was pulling out a revolver and thought he was going to shoot Williams. It was only then that appellant struck Snyder with the cue stick. No revolver was recovered from the scene.
Appellant also testified that Snyder had a reputation in the community for violence. He then told of several specific violent incidents in which Snyder had been involved. In some of those incidents Snyder reportedly used or carried a weapon. Appellant was not present during the occurrence of these incidents, rather he had learned of them from others.
On the basis that appellant's knowledge of the prior specific acts was through hearsay, the trial court instructed the jury to disregard that testimony. The testimony as to reputation was allowed to stand.
It may be worth mention, in order to differentiate between the two evidentiary rules applied here, that evidence as to reputation is admissible by virtue of a longstanding exception to the hearsay rule, as relevant and material on the issue of the *581 victim's propensity for violence and the likelihood that the victim was the aggressor. Evidence of prior specific acts of violence falls into another category.
We addressed the question raised by the trial court's ruling on this issue and traced its history in Williams v. State, 252 So.2d 243 (Fla. 4th DCA), cert. denied, 255 So.2d 682 (Fla. 1971). There we concluded that:
where a proper predicate is laid by the showing of some overt act by the deceased at or about the time of the slaying that reasonably indicated a need for action by the defendant in self-defense, evidence of prior specific acts of violence by the deceased known to the defendant at the time of the slaying may be admitted for the limited purpose of proving the reasonableness of the defendant's apprehension at the time of the slaying. Id. at 247. (Footnotes omitted.)
Such a result does not offend the hearsay rule because the testimony is offered and admitted for the limited purpose of showing the reasonableness of the defendant's apprehension and not to show the victim's propensity for violence or the likelihood that the victim was in fact the aggressor. Thus, it is not offered as evidence that the incidents occurred, but only that the defendant believed they occurred.
Appellant relied on defense of another as his principal defense. He testified that his knowledge of these prior acts, three of which involved a gun, led him to believe that the victim was pulling a revolver from his belt with which to shoot Thomas Williams. Under these circumstances we conclude that the testimony was erroneously excluded. As in Williams, supra, and in Banks v. State, 351 So.2d 1071 (Fla. 4th DCA) cert. denied 354 So.2d 986 (Fla. 1977), we cannot say that the error was harmless.
In Williams we cautioned that such evidence might be rendered inadmissible if too remote or speculative to be material or where it is not adequately connected with the offense with which the accused is charged.
The record does not indicate whether the incidents testified to by appellant fall within one of these categories and we therefore make no determination in that regard.
Instructing the jury to disregard the testimony of appellant as to specific incidents of violence involving the victim being armed with a gun, on the basis that such testimony was hearsay, was harmful error and, accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
BERANEK and DELL, JJ., concur.