439 So.2d 996 (1983)
Billy Marshall HAGER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2291.
District Court of Appeal of Florida, Fourth District.
October 26, 1983.
Richard L. Jorandby, Public Defender, Ellen Morris and Richard Greene, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This case involves the trial court's refusal to allow appellant, Billy Marshall Hager, to adduce evidence of both the victim's reputation for violence and specific acts of violence in support of his theory of self defense.
Hager was charged with and convicted of the first degree murder of his neighbor, David Leo Brown. On the day in question, Brown was jump-starting his motorcycle, a Harley Davidson Police Special. Apparently, Hager had called to the victim to quiet it down, and the victim cursed Hager and all the members of his family in a very obscene fashion. In addition, the victim grabbed the top of a fence between their property and began to shake it violently, jumping up and down and cursing Hager. The victim suggested they go out in the street and settle their difference. The victim also said he was going to stomp Hager's ass into the *997 sand. Hager was 61 years old, disabled and given to heavy drinking. The victim was 27 years of age and Hager knew him to be very agile. In addition, Hager knew the victim had a reputation for violence. Hager also had personal knowledge of specific violent acts. Becoming apprehensive about the cursing, fence shaking and threatening posture of the victim, Hager got a firearm from his house and went outside. Hager testified that when the victim saw him, he said, "Shoot me, you old son of a bitch," and turned and started for Hager. Whereupon, Hager became frightened and, believing Brown was going to beat him, Hager shot and killed the victim.
During the trial Hager attempted to present witnesses to testify to the victim's reputation for violence. In addition, he attempted to adduce proof of specific acts of violence. However, the trial court refused to allow him to introduce such evidence. Nevertheless, among the instructions that the jury received was one on justifiable homicide.
Lest the foregoing recitation of the evidence mislead, we hasten to add that there was other evidence that Hager had made prior threats to kill the victim and that the victim did not come toward Hager in a life threatening manner. However, Hager's theory of the case was self defense and the excluded evidence tended to support that theory. Consequently, we think the trial court erred in excluding it.
Evidence of a deceased's violent character is admissible when self defense is asserted if there is an issue as to either the conduct of the deceased or the reasonableness of the defendant's belief as to imminent danger from the deceased. Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Fine v. State, 70 Fla. 412, 70 So. 379 (1915); Copeland v. State, 41 Fla. 320, 26 So. 319 (1899); Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1971).
Banks v. State, 351 So.2d 1071, 1072 (Fla. 4th DCA), cert. denied, 354 So.2d 986 (Fla. 1977). Before a defendant can adduce evidence of the victim's violent character, he must lay an adequate predicate, i.e., showing that the circumstances of the homicide are such that they would tend to support a case of self defense.
An interesting analogy is found in Anderson v. State, 362 So.2d 361 (Fla. 4th DCA 1978), wherein this court said:
Appellant was indicted for murder in the First Degree and convicted of murder in the Second Degree after a jury trial. As tenuous as it might have been the appellant had a defense of justifiable homicide to present to the jury. She testified as to her acting in self defense, which, if sufficiently established, can permit the jury to acquit under the definition of justifiable homicide. After she testified the court ruled she could not present her witnesses as to the violent character and reputation of the deceased and she would not be permitted to have the jury charged on the law of justifiable homicide. It is noted, however, the court did charge the jury on justifiable homicide. It was error for the trial judge to on the one hand disallow the appellant from presenting her witnesses' testimony about the character and propensities of the deceased and then charge the jury that it may consider evidence of the character of the deceased. The error was not the giving of the charge but the disallowing of the testimony. The judgment and sentence are reversed and the matter remanded for new trial. Palm v. State, 135 Fla. 258, 184 So. 881 (1938); Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Banks v. State, 351 So.2d 1071 (Fla. 4th DCA 1977); Coker v. State, 212 So.2d 648 (Fla. 1 DCA 1968); Cole v. State, 193 So.2d 47 (Fla. 1 DCA 1966).
If the jury believed Hager's evidence concerning the victim's allegedly violent reputation and specific violent acts, it might have looked favorably upon his version of the incident and found the homicide justifiable. Alternatively, the jury could have discounted the excluded evidence and found him guilty. In any event a sufficient predicate was established to make the proffered evidence admissible.
*998 For the foregoing reasons we are compelled to reverse both the judgment of conviction and sentence and remand the cause to the trial court for a new trial.
REVERSED AND REMANDED with directions.
LETTS and HERSEY, JJ., concur.