443 So.2d 482 (1984)
James REDDICK, Appellant,
v.
STATE of Florida, Appellee.
No. 83-522.
District Court of Appeal of Florida, Second District.
January 13, 1984.
*483 Peter D. Ringsmuth of Smith, Carta & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, James Reddick, appeals his conviction for second degree murder and his sentence of ten years in prison. Appellant raises numerous grounds on appeal. However, we find merit only in his contention that the trial court erred in excluding the corroborative evidence of three witnesses which weighed directly on appellant's claim of self-defense. We agree and reverse for a new trial.
On the day of the homicide, the evidence shows that appellant drove to a trailer park where Harry Varble, the deceased, was having a conversation with Hazel Smith. During their conversation, appellant approached Varble. There was testimony that Varble lunged toward appellant, and appellant struck him with a three to four foot long wooden stick. Appellant testified that earlier on the morning of the confrontation, Varble had broken into his house and threatened to kill him. Appellant admitted that he purposely took the wooden stick with him when he went to see Varble. However, he stated that he merely intended to defend himself against Varble, and not to seriously harm him.
At trial, appellant attempted to introduce the testimony of Joyce Nowling, Linda Gomes and Brenda Browski to show that the apprehension he felt toward Varble was reasonable. Joyce Nowling and Brenda Browski would each have testified to having been previously and separately threatened by Varble, and that appellant had knowledge of the incidents. Linda Gomes, appellant's girlfriend with whom he was living, would have corroborated appellant's testimony that the evening before the homicide, Varble had broken into their home and threatened appellant with a knife. The trial judge excluded this testimony on the mistaken premise that third party witnesses can only testify as to general reputation, and not to specific acts of violence.
At the time the judge excluded this testimony as to the specific acts of violence, the testimony was proper since it related to appellant's knowledge and alleged resulting apprehension of the deceased's previous acts of violence. Appellant's obvious purpose in attempting to admit this testimony was to corroborate his later testimony that the incidents did in fact take place, and that he had knowledge of them and, therefore, was legitimately concerned for his own safety.
In Williams v. State, 252 So.2d 243, 247 (Fla. 4th DCA 1971), our sister court held:
[W]here a proper predicate is laid by the showing of some overt act by the deceased at or about the time of the slaying that reasonably indicated a need for action by the defendant in self-defense, evidence of prior specific acts of violence by the deceased known to the defendant at the time of the slaying may be admitted for the limited purpose of proving the reasonableness of the defendant's apprehension *484 at the time of the slaying. (Footnotes omitted.)
Appellant testified that at the moment of confrontation, Varble lunged toward him and he struck Varble because he did not feel he could safely retreat. Therefore, the testimony that these events actually took place, and that appellant knew of them, became important to the issue of appellant's credibility, and to the reasonableness of appellant's claimed apprehension of Varble. Campos v. State, 366 So.2d 782 (Fla. 3d DCA 1978). Accordingly, we reverse and remand for a new trial.
OTT, C.J., and GRIMES, J., concur.