452 So.2d 98 (1984)
Fernando QUINTANA, Appellant,
v.
STATE of Florida, Appellee.
No. AU-157.
District Court of Appeal of Florida, First District.
May 31, 1984.
*99 Michael E. Allen, Public Defender and Carl L. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Chief Judge.
In this appeal from a conviction for first degree murder, appellant, Fernando Quintana, contends the trial court erred in excluding proffered evidence pertaining to the reputation of and specific instances of prior violence by the victim when such evidence was offered in support of Quintana's theory of self-defense. We agree and reverse.
Quintana, a slightly built inmate in the custody of the Florida prison system, who speaks only Spanish, stabbed and killed a fellow inmate, Jerome Harold, on July 14, 1982. The state's evidence discloses that on that morning Harold, while on his way to breakfast, went to Quintana's cell and there slapped him. Harold then left, proceeded on to breakfast, and returned to the cell block some thirty minutes later accompanied by two of his friends. As he passed Quintana's cell, Quintana ran out, shouted something in Spanish, and fatally stabbed Harold.
Quintana, relying on a theory of self-defense, proffered testimony outside the jury's presence to the effect that Harold *100 had a reputation within the prison population for sexually assaulting inmates. Quintana had personally witnessed such assaults by Harold, aided by two of his friends, on two prior occasions. In addition, Quintana had himself been subjected to Harold's sexual advances, which occurred in the communal showers, the gymnasium and the prison classrooms. On one particular evening approximately fifteen days before the homicide, Harold had attempted such an assault on Quintana in the prison television room. Quintana, testifying through a court-appointed interpreter,[1] as to the events immediately preceding the fatal encounter, related that on the morning of July 14, Harold came to his cell, grabbed his neck, and then left. Harold returned from breakfast a short time later joined by two of his friends, one of whom, according to Quintana, was armed. Seeing the three men signaling to each other, Quintana believed they were coming to his cell to assault him sexually. He therefore armed himself with a knife and when Harold walked by his cell, Quintana stabbed him, saying in Spanish that he would show Harold how he could fight. His intentions, however, were only to "pinch" or hurt him, but not to kill him.
The defense also proffered the testimony of one of the prison guards who heard one of the inmates say that Harold "deserved what he got," as well as testimony from two inmates who knew of Harold's reputation for sexual assaults and violent behavior, in that they had witnessed such sexual assaults on prior occasions, and, more specifically, had seen Harold's sexual overtures to Quintana in the showers and television room, as well as the slapping incident on the morning of July 14. At the conclusion of the defense proffer, the trial court ruled that evidence of Harold's reputation for violence and his prior acts of sexual assault would be inadmissible, and that Quintana would be limited to testifying only as to his version of the events of July 14. Given that ruling, the defense rested without presenting any evidence, and Quintana was convicted of first degree murder.
It has been recognized that when the defense of self-defense is raised, evidence of the victim's reputation may be admissible to show his "propensity for violence and the likelihood that the victim was the aggressor", while evidence of prior specific acts of violence may be admissible to show "the reasonableness of the defendant's apprehension at the time of the slaying." Smith v. State, 410 So.2d 579, 580-581 (Fla. 4th DCA 1982). See also Section 90.404, Florida Statutes (1979). But, a prerequisite to the introduction of such evidence is the laying of a "proper predicate ... by the showing of some overt act by the deceased at or about the time of the slaying that reasonably indicated a need for action by the defendant in self-defense." Williams v. State, 252 So.2d 243, 247 (Fla. 4th DCA 1971). Accord Smith v. State; Williams v. State, 238 So.2d 137 (Fla. 1st DCA 1970); Garner v. State, 28 Fla. 113, 9 So. 835 (1891).
Whether the evidence presented by the defense will be sufficient to satisfy this prerequisite will of course depend on the factual circumstances of each case. Two recent cases, however, persuade us that the predicate laid by Quintana was sufficient. First, in Hager v. State, 439 So.2d 996 (Fla. 4th DCA 1983), when an elderly defendant, having been subjected to verbal abuse and threats by his young neighbor, armed himself, the latter advanced on the defendant in a manner which was not life-threatening, urging the defendant to go ahead and shoot. The defendant responded to those taunts by doing just that. In reversing the conviction, the Fourth District found the predicate to have been sufficient to allow introduction of evidence of the victim's reputation for violence *101 and of specific acts of such violence. Next, in Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984), the same result was reached on evidence disclosing the victim had broken into the defendant's home, threatening to kill the defendant. The next morning, armed with a stick and evidently expecting another confrontation with the victim, the defendant went to see a friend. His expectation was realized and when the victim lunged at him the defendant hit him with the stick, killing him. We find the proffered testimony of Quintana in this case to be as compelling as that in Hager and Reddick and therefore conclude that the defense here laid a predicate sufficient to meet the test set out in Williams.
We are further persuaded by the line of cases holding that the fact that a claim of self-defense may be tenuous should not bar introduction of evidence of the victim's reputation for violence or of his prior specific acts of violence, if such evidence will explain or otherwise give "meaning, significance, or point to, the conduct of the deceased at the time of the killing." Hunter v. State, 378 So.2d 845, 846 (Fla. 1st DCA 1979). See also Anderson v. State, 362 So.2d 361 (Fla. 4th DCA 1978). As this court has previously stated, where there is even the "slightest evidence" of an overt act by the victim "which may be reasonably regarded as placing the accused apparently in imminent danger of losing his life or sustaining great bodily harm," all doubts as to the admissibility of evidence bearing on his theory of self-defense must be resolved in favor of the accused. Hawthorne v. State, 377 So.2d 780, 787 (Fla. 1st DCA 1979) (e.s.).
Judgment of conviction is REVERSED and this cause is REMANDED for purposes of a new trial.[2]
WENTWORTH, J., concurs.
BOOTH, J., dissents.
NOTES
[1] We note that Quintana's attempt to proffer his testimony was hampered by the use of two interpreters who continually paraphrased both the questions posed and Quintana's answers, thus making it difficult to understand what actually occurred between Quintana and Harold on the morning in question.
[2] Because of our disposition of appellant's first point on appeal, we need not reach the merits of the second point, urging that the trial court erred in denying the motion for mistrial made after the court, in the presence of the jury, stated that it did not think the defense's opening statement of the evidence it intended to present was properly before the jury because the statement, as it related to evidence of Harold's reputation for violence and of his prior acts of sexual assault, would be immaterial. While it is true that a trial court must avoid making any remark which may, either directly or indirectly, convey to the jury the court's view of the case or the evidence, Flicker v. State, 374 So.2d 1141, 1142 (Fla. 5th DCA 1979), it is also true that when such comments are considered within the context in which they were made any error may simply be harmless. See Woodside v. State, 206 So.2d 426 (Fla. 3d DCA 1968); Hamilton v. State, 261 So.2d 184 (Fla. 3d DCA 1972). At any event the basis of the court's comments was due to its belief that such evidence was irrelevant. Since we have held to the contrary, we feel confident that such comments will not recur.