577 So.2d 682 (1991)
Joseph WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1998.
District Court of Appeal of Florida, First District.
April 4, 1991.
*683 Barbara Linthicum, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Warren appeals his conviction of one count of second degree murder. We reverse and remand for a new trial as we agree that Warren was improperly precluded from presenting certain evidence pertinent to his self-defense theory.
The murder victim was Sharon Taylor, appellant's former girlfriend, who was stabbed to death by Warren on February 8, 1989, after a series of confrontations between Taylor and appellant. At trial Warren introduced evidence that Taylor had a history of violence. He also sought to introduce evidence that Taylor was a cocaine user, whose habit grew progressively worse during the time that he knew her. He testified that when she was unable to obtain any cocaine Taylor tended to become violent and argumentative, and frequently sought him out to pick fights. He also testified that at the time of her death Taylor appeared to him to be in the throes of cocaine withdrawal, and that he was afraid of her. This proffered testimony was excluded.
Warren also proffered the testimony of the medical examiner that Taylor's autopsy revealed the presence of cocaine metabolites, the end product of the metabolism of cocaine, in her urine, indicating that any cocaine use was at least four hours, or possibly as much as ten days, prior to her death. There was no cocaine in her blood, so she was not under the influence of cocaine. The medical examiner also testified that someone who is a regular cocaine user would undergo withdrawal when cocaine is no longer in their bloodstream and would exhibit symptoms including perspiration, high temperature, mental confusion and irritability. A pipe was found on Taylor's body by the medical examiner. This testimony was excluded based on the state's *684 motion in limine. We agree with appellant that all of this proffered evidence should have been admitted as relevant to Warren's theory of self-defense.
A homicide defendant is afforded wide latitude in the introduction of evidence supporting his self-defense theory. Borders v. State, 433 So.2d 1325 (Fla. 3d DCA 1983). Where there is even the slightest evidence of an overt act by the victim which may be reasonably regarded as placing the accused apparently in imminent danger of losing his life or sustaining great bodily harm, all doubts as to the admissibility of evidence bearing on his theory of self-defense must be resolved in favor of the accused. Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984) quoting Hawthorne v. State, 377 So.2d 780, 787 (Fla. 1st DCA 1979).
The trial court properly allowed defendant to adduce evidence of Taylor's reputation for violence as well as her prior specific acts of violence and/or threats as to him and others. Smith v. State, 410 So.2d 579 (Fla. 4th DCA 1982). The entire purpose of allowing evidence of the victim's violent character is to show the reasonableness of the defendant's apprehension which led to the use of deadly force. Id.; Burk v. State, 497 So.2d 731 (Fla. 2d DCA 1986); Quintana v. State; Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984). It is error to exclude testimony which bears directly on the defendant's state of mind, the relationship between the victim and defendant, and the victim's reputation for violence when under the influence of alcohol. Borders v. State. Similarly, in the instant case, once the theory of self-defense was properly raised, defendant should have been permitted to present evidence which was relevant to the reasonableness of his belief that Taylor posed a threat of imminent danger to him.
On appeal the state apparently argues that the only admissible evidence on the issue of self-defense is character evidence which is governed by section 90.405, Florida Statutes. Character evidence is generally inadmissible except in the circumstances set forth in section 90.404, Florida Statutes, and when admissible, it may be proven by the methods set forth in section 90.405. The determination of admissability of the evidence excluded in the instant case is not governed by section 90.405; it is governed by sections 90.401 and .402, Florida Statutes, which provide that relevant evidence is evidence tending to prove or disprove a material fact, and that all relevant evidence is admissible except as provided by law.
In the instant case the pertinent inquiry was as to Warren's state of mind at the time of the killing. Whether reasonable grounds for killing exist is a jury question, as is the question of the defendant's apprehension of danger from the victim's attack. Crockett v. State, 137 Fla. 450, 188 So. 214 (1939). The evidence as to the Taylor's use of cocaine was relevant to this inquiry, and its exclusion compromised Warren's ability to present his self-defense theory, particularly with regard to the issue of whether this use of deadly force was justifiable. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
ERVIN and BOOTH, JJ., concur.