606 So.2d 641 (1992)
Jimmy Milton SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1287.
District Court of Appeal of Florida, First District.
September 4, 1992.
Rehearing Denied October 13, 1992.
*642 Nancy A. Daniels, Public Defender, Nada M. Carey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Jimmy Milton Smith, seeks review of his conviction for aggravated battery and his habitual violent felony offender sentence of 30 years. Appellant contends that the trial court erred in excluding proffered testimony relating to specific instances of violence by the victim, in refusing to admit a discovery deposition into evidence, and in sentencing appellant as a habitual violent felony offender pursuant to a statute that violated the single-subject rule provided in Article III, Section 6 of the Florida Constitution. We agree with appellant as to the first issue and reverse and remand for new trial. Because of our disposition of the first issue, we do not reach the sentencing error, but, for the reasons hereafter stated, discuss the asserted error raised in point II.
As a result of an altercation outside a bar between appellant and his son-in-law, Marshall Newton, Newton suffered a spinal cord injury that left him paralyzed from the neck down. Appellant asserted the defense of self-defense. Both sides presented eyewitness testimony at the trial. The state submitted evidence inferring that appellant was the aggressor and that he used a knife to stab Newton, while the defense, on the other hand, introduced evidence implicating Newton as the aggressor wielding the knife. In addition, appellant sought to introduce evidence relating to Newton's character for violence consisting of both reputation evidence and specific act evidence. Appellant proffered evidence both as to Newton's reputation for violence and as to specific instances of violence, which would disclose, among other things that Newton attacked him with a butcher knife in July 1988, threatened his son with a knife, stabbed his daughter in the neck with a knife, threatened Doug Katt with a shotgun, told Joey Porter that if appellant did not "butt out" of his relationship with appellant's daughter, he would do something to appellant, and pulled a knife on Bobby Claghorn in May 1989, at the same bar where the fight between appellant and Newton occurred in October 1990. Appellant clearly testified during the proffer that all of the above incidents were known to him before the alteration. Although the trial court allowed the reputation evidence, it excluded the evidence relating to specific instances of violence.
We cannot agree that the trial court's denial of such evidence was consistent with established case law. In Florida, evidence of the dangerous character of the victim is admissible to show, or as tending to show, that the defendant acted in self-defense. Garner v. State, 28 Fla. 113, 136, 9 So. 835, 841 (1891). Thus, when self-defense is raised, evidence of the victim's reputation is admissible to disclose his or her propensity for violence and the likelihood *643 that the victim was the aggressor, while evidence of prior specific acts of violence by the victim is admissible to reveal the reasonableness of the defendant's apprehension at the time of the incident. Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984) (reversing first-degree murder conviction, because defendant erroneously precluded from offering reputation and specific-act evidence relative to self-defense claim). See also Hager v. State, 439 So.2d 996, 997 (Fla. 4th DCA 1983); Banks v. State, 351 So.2d 1071, 1072 (Fla. 4th DCA), cert. denied, 354 So.2d 986 (Fla. 1977); Williams v. State, 252 So.2d 243 (Fla. 4th DCA), cert. denied, 255 So.2d 682 (Fla. 1971); §§ 90.404 & .405, Fla. Stat. (Supp. 1990 & 1989); Charles W. Ehrhardt, Florida Evidence § 404.6 (1992 ed.). If reputation evidence is offered to show the victim's conduct, the defendant's prior knowledge of the victim's reputation is not necessary. Banks, 351 So.2d at 1072. If, however, character evidence is offered to prove the reasonableness of the defendant's apprehension, prior knowledge of the specific-act violence is necessary. Id.
Before a defendant may offer either type of character evidence, he or she must lay a proper predicate demonstrating some overt act by the victim at or about the time of the incident which reasonably indicated to the defendant a need for action in self-defense. Quintana, 452 So.2d at 100; Williams, 252 So.2d at 247. Consequently, if there is the slightest evidence of an overt act by the victim which may be reasonably regarded as placing the defendant in imminent danger, all doubts as to the admission of self-defense evidence must be resolved in favor of the accused. Quintana, 452 So.2d at 101; Warren v. State, 577 So.2d 682, 684 (Fla. 1st DCA 1991) (reversing second degree murder conviction because defendant was erroneously precluded from introducing evidence of deceased's character that was relevant to a self-defense theory).
In the instant case, appellant, as stated, claimed self-defense and laid a proper predicate for the admission of character evidence in that his evidence disclosed that Newton approached him in a threatening manner, that Newton pushed against him, and that Newton held a knife. Warren; Quintana. Under the circumstances, appellant was properly allowed to introduce evidence of Newton's reputation for violence under Section 90.405(1), Florida Statutes (1989), to establish that Newton was the aggressor.
Appellant was erroneously prohibited, however, from introducing evidence of specific acts of violence by Newton for the reason that appellant's apprehension of bodily harm or death threatened by Newton was an essential element of his defense. Therefore, appellant should have been permitted to testify under Section 90.405(2), Florida Statutes (1989), regarding specific instances of violent conduct by Newton that were known or communicated to him before the altercation. Case law clearly establishes that a defendant need not be present during the occurrence of the specific acts so long as he or she has heard of them prior to the time of the incident. Smith v. State, 410 So.2d 579 (Fla. 4th DCA) (defendant erroneously precluded from introducing evidence of past specific violent acts by the deceased where it was shown that defendant, although not present during such occurrences, knew of them through others prior to the incident), review denied, 419 So.2d 1200 (Fla. 1982). This result does not offend the hearsay rule, because the evidence is not offered to prove the truth of the matter asserted, but is offered to show only that the defendant believed those incidents had occurred. Id. at 581. Under the circumstances, the trial court erred in excluding the proffered evidence relating to specific instances of violent conduct by Newton that had occurred in appellant's presence or had been communicated to him prior to the stabbing.[1]
Considering the nature of the evidence in this case, especially the conflicts between the theories offered by the two *644 sides and the fact that the erroneously excluded evidence went to appellant's only defense, the error must be considered harmful. In so saying, we note that the state did not argue that the error was harmless, which is its burden. Ciccarelli v. State, 531 So.2d 129, 131 (Fla. 1988); Brooks v. State, 555 So.2d 929, 931 (Fla. 3d DCA 1990).
Although our disposition of point I, requiring reversal and remand of the case for new trial, makes it unnecessary for us to address point II, relating to the propriety of the trial court's refusal to admit into evidence the deposition testimony of an absent witness, we consider that discussion of this issue would be helpful to the parties on remand. During the trial below, appellant attempted to introduce into evidence the deposition of Bradford Blackwell, in which he testified as to certain threatening statements made by Newton about appellant approximately two hours before the occurrence of the altercation. The state objected on the ground that appellant had not followed the procedure for perpetuating testimony, as provided in Florida Rule of Criminal Procedure 3.190(j), and that appellant made no showing that Blackwell was unavailable as a witness under the former-testimony hearsay statute, Section 90.804(2)(a), Florida Statutes (1989). The court sustained the state's objection, noting that defense counsel had not, as required by the rule, requested an order perpetuating the testimony.
Appellant argues that the trial court's ruling excluding such testimony was erroneous in that deposition testimony is admissible under Florida's long-standing rule allowing the admission of former testimony, codified in section 90.804, and that in civil cases Florida's Evidence Code and the rules of civil procedure are considered in pari materia and, if the evidence would be considered admissible pursuant to the provisions of either the statute or the rule, the deposition may be admitted. See Johns-Manville Sales Corp. v. Janssen's, 463 So.2d 242, 259 (Fla. 1st DCA 1984), review denied, 467 So.2d 999 (Fla. 1985); Dinter v. Brewer, 420 So.2d 932, 934 (Fla. 3d DCA 1982).
Persuasive as the above cases are permitting the admissibility of deposition testimony under such circumstances in the civil sector, the rule applied in civil cases is not applied in this jurisdiction in criminal cases. This court has held that the substantive use of a deposition taken solely for the purpose of discovery is improper under the Florida Rules of Criminal Procedure. Terrell v. State, 407 So.2d 1039 (Fla. 1st DCA 1981) (discovery deposition erroneously admitted at trial when court determined witness was unavailable). See also State v. James, 402 So.2d 1169, 1171 (Fla. 1981) (holding that discovery depositions may not be used as substantive evidence in criminal trials). And see Barnett v. State, 444 So.2d 967 (Fla. 1st DCA 1983); Clark v. State, 572 So.2d 929 (Fla. 5th DCA 1990); Campos v. State, 489 So.2d 1238 (Fla. 3d DCA 1986). We acknowledge that the above decisions are at variance with the interpretation placed on section 90.804(2)(a) by a respected commentator in the field of evidence, who states:
[T]here is some Florida authority that in a criminal case a deposition must be admissible under the Rules of Criminal Procedure. If those rules do not provide for its admission, the deposition cannot be admitted under section 90.804(2)(a). There appears to be no logical reason to draw this distinction. Depositions should be admissible under section 90.804(2)(a) in both criminal and civil cases. In addition, when the Florida Supreme Court adopted that part of the Evidence Code which was procedural as a rule of court, it stated: "all present rules of evidence established by case law or express rules of court are hereby superseded to the extent they are in conflict with the code." Thus, if procedural rules limiting the use of depositions as evidence are "rules of *645 evidence," as it would appear they would be, the Florida Supreme Court has already ruled that section 90.804(2)(a) controls and the deposition would be admissible.
Charles W. Ehrhardt, Florida Evidence § 804.2, at 670-71 (1992 ed.) (footnotes omitted).
Although Professor Ehrhardt makes an extremely logical argument, paralleling appellant's position that the criminal rules, like the civil rules, should be read in conjunction with section 90.804(2)(a), this court is required to follow our established case law. Consequently we cannot accept appellant's argument that the lower court erred in denying the admission into evidence of the deposition testimony of Bradford Blackwell.
Our disposition of Point I moots consideration of the sentencing error raised in Point III.
REVERSED and REMANDED.
MINER and WEBSTER, JJ., concur.
NOTES
[1] Although the state argued on appeal that this issue was not properly preserved for appellate review, we find no merit in such argument. The trial judge was clearly aware that appellant sought to introduce the specific-act evidence for the purpose of demonstrating that appellant's apprehension as to the harm threatened by the victim was reasonable. We also reject the state's argument that this evidentiary rule should be limited to homicide cases. Compare Woodson v. State, 483 So.2d 858 (Fla. 5th DCA 1986) (although issue not preserved by proffer, evidence of reputation of officer would have been admissible to establish he was the aggressor in resisting-an-officer charge); Pino v. Koelber, 389 So.2d 1191 (Fla. 2d DCA 1980) (discussing use of character evidence in civil action for assault and battery).