667 So.2d 420 (1996)
Debra Faye HEDGES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1470.
District Court of Appeal of Florida, First District.
January 19, 1996.
Rehearing Denied February 20, 1996.
*421 Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Richard Parker, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Convicted of battering one William Adams, Debra Faye Hedges argues that the trial court erred in excluding evidence she proffered of specific acts of violence Mr. Adams had committed, acts that Ms. Hedges testified she was aware of when she struck him. She testified that when she saw Mr. Adams on the day of the crime, he told her, *422 "I'll beat you up," and hit her before she hit him. Ms. Hedges maintained that she only hit Mr. Adams in defense of herself and her son. We reverse.
At a pre-trial hearing on the state's motion in limine, defense counsel proffered Ms. Hedges' testimony regarding her knowledge of prior violent acts Mr. Adams had been guilty of:
Q Was there something in your experiences from living there in the past that caused you to believe what she was telling you?
A [Adams] is always going around  he's beaten on Kathryn quite a few times. He beat up her sister. He beat up Frankie Boyles, which is a retarded guy that lives up the hill. And he's been going around just being a big bully to these old people around here, I mean, just slapping them around, hitting them.
....
Q Had you had confrontations with him in the past when he was intoxicated and appeared to be intoxicated?
A Not me, but like my boyfriend and him had little words and stuff, and my boyfriend kicked him out of the trailer. His own nephew who lived next door to him they have gotten into it. And a few other nephews of [Adams], you know, they get drinking out there and they're ready to fight out in the yard and stuff.
Reserving ruling till trial, the trial judge decided that this evidence of prior specific acts was inadmissible.[1] Three times defense counsel sought to elicit testimony about Mr. Adams' violent behavior before May 20, 1993, the day of the offense. Three times the trial court disallowed it.[2]
Character evidence is generally inadmissible to prove what action a person took. The Legislature has, however, codified statutory exceptions to the general rule excluding such evidence:
(1) CHARACTER EVIDENCE GENERALLY.  Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except:
....
(b) Character of victim. 
1. Except as provided in s. 794.022 [the rape shield law], evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the trait. .. .
§ 90.404, Fla. Stat. (1993). This exception permits an accused to use character evidence to show that the victim of a crime was the aggressor and that the accused acted in self-defense.
To prove the victim's dangerous character, evidence either of the victim's reputation for violence or of specific prior acts of violence is admissible, when the defendant knew of the victim's violent acts or of his violent reputation at the time of the alleged offense. Such evidence[3] tends to show that the defendant acted in self-defense. Smith v. State, 606 So.2d 641 (Fla. 1st DCA 1992). Evidence of prior specific acts of violence by the victim is admissible because it is relevant "to reveal the reasonableness of the defendant's apprehension at the time of the incident." Id. at 642-43, citing Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984).
Before a defendant may offer this type of character evidence, a proper predicate must be laid by evidence of some overt *423 act on the victim's part at or about the time of the incident which reasonably indicated to the defendant a need to act in self defense. Smith, 606 So.2d at 643; see also, Quintana, 452 So.2d at 100. Quintana clarified this threshold requirement.
[W]here there is even the "slightest evidence" of an overt act by the victim "which may be reasonably regarded as placing the accused apparently in imminent danger of losing his life or sustaining great bodily harm" all doubts as to the admissibility of evidence bearing on his theory of self-defense must be resolved in favor of the accused.
Id., citing Hawthorne v. State, 377 So.2d 780, 787 (Fla. 1st DCA 1979). In the instant case, appellant met Quintana's threshold requirement with her testimony that Mr. Adams threatened to "beat [her] up," then struck her. This testimony "may be reasonably regarded as placing the accused in imminent danger of ... sustaining great bodily harm." 452 So.2d at 100; Sanchez v. State, 445 So.2d 1, 2 (Fla. 3d DCA 1984).
A defendant need not be present when the prior acts occur, as long as he or she has knowledge of the acts at the time of the incident in question. Smith, 606 So.2d at 643, citing Smith v. State, 410 So.2d 579 (Fla. 4th DCA), review denied, 419 So.2d 1200 (Fla. 1982). Ms. Hedges's pre-trial proffer in the instant case established such knowledge. After a proper predicate has been laid, "all doubts as to the admissibility of evidence bearing on his theory of self-defense must be resolved in favor of the accused." Warren v. State, 577 So.2d 682, 684 (Fla. 1st DCA 1991). The trial court should not have excluded the proffered evidence.
Reversed and remanded.
WOLF and BENTON, JJ., concur.
LAWRENCE, J., dissents with opinion.
LAWRENCE, Judge, dissenting.
I respectfully dissent. In my view, Hedges did not preserve the error which she claims was committed by the trial judge. The State filed a pretrial motion in limine to exclude certain testimony relating to prior specific acts of violence. The trial judge reserved ruling on the issue. At trial, during the testimony of Ms. Eaton, the following colloquy took place:
Q Did you see things that made you further believe what she was telling you?
A Yes, sir.
Q And what was that?
[PROSECUTOR]: Your Honor, that's already been asked and answered.
[THE COURT]: Sustained if it's the same things answered before.
BY DEFENSE COUNSEL:
Q From prior experiences living there, did you have reason to believe her?
[PROSECUTOR]: Your Honor, I'm going to object. And the Court has already made a ruling on that.
THE COURT: Sustained. You've already asked her that and she answered it.
[DEFENSE COUNSEL]: Experiences prior to May the 20th, I didn't ask that.
THE COURT: I've already ruled on that previously, though, and sustained the objection.
No proffer was made by defense counsel of the answers of the witness. Nor was the testimony presented at the pretrial motion in limine proffered. A proffer of excluded evidence must be made in order to preserve the issue for review. The Florida Supreme Court tells us:
The defense did not proffer what the witness would have said if allowed to answer the question. A proffer is necessary to preserve a claim such as this because an appellate court will not otherwise speculate about the admissibility of such evidence. We therefore find this claim has not been preserved for review.
Lucas v. State, 568 So.2d 18, 22 (Fla. 1990) (citations omitted).
The fact that testimony was presented at the pretrial motion in limine was also inadequate to preserve the issue for review because the record fails to reflect that a ruling was ever obtained from the court, and for the further reason that such testimony is not a substitute for proffering same at trial. State *424 v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991); Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984); see also Phillips v. State, 476 So.2d 194 (Fla. 1985).
I would affirm the judgment and sentence.
NOTES
[1] The trial court did allow Ms. Hedges to testify that Mr. Adams had beaten Ms. Eaton earlier on the day of the encounter with Ms. Hedges that eventuated in her prosecution.

The state maintains that the excluded evidence would have been cumulative to Ms. Hedges' testimony that Mr. Adams beat Ms. Eaton on May 20, 1993. At trial, however, Ms. Eaton denied that she had had an altercation with Mr. Adams that day. We reject the state's harmless error argument. See Smith v. State, 606 So.2d 641, 644 (Fla. 1st DCA 1992), citing Ciccarelli v. State, 531 So.2d 129, 131 (Fla. 1988).
[2] The state contends that, even if these rulings were incorrect, the issue was not preserved for appellate review. This contention lacks merit.
[3] In the present case, there was no attempt to introduce testimony of Mr. Adams' violent reputation apart from appellant's recounting the various violent episodes of which she was aware.