781 So.2d 455 (2001)
David BERRIOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3645.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
*456 Robert C. Buschel and Eric T. Schwartzreich of Ferrero, Buschel, Carter, Schwartzreich & Yates, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee.
LABARGA, JORGE, Associate Judge.
Appellant was convicted of aggravated assault and criminal mischief. We find all issues raised by appellant in his appeal to be without merit and write only to address the trial court's decision to give the self-defense instruction to the jury and to exclude testimony concerning prior specific acts of violence on the part of the victim.
The charges against appellant resulted after he got into an argument with Louis Lora (Lora), his friend of four or five years, and subsequently drove his van through the screened porch at Lora's apartment. According to Lora, the argument started over a pair of hair clippers and quickly escalated to appellant's pushing him to the floor. Thereafter, Lora told appellant to leave the premises and the two continued to argue as appellant walked out of Lora's apartment with the hair clippers in his hands. Lora remained in the screened patio outside his front door and observed appellant get into his vehicle, which was parked right in front of the screened patio, back it up, and drive it over a parking stop and halfway into the screened patio where Lora was standing.
Appellant testified during the trial that the argument started over a pair of hair clippers, but that it was Lora who started the pushing and yelling. Sometime during the argument, according to appellant, Lora got a five-inch steak knife from the kitchen and started waving it. Appellant then walked out of the premises and got into his vehicle. Lora, according to appellant, continued to come in his direction with the knife. In response, appellant testified, he drove his vehicle towards Lora just to "make sure [Lora] backed off," but did not mean to drive his vehicle all the way through the screened patio. In his taped *457 statement to the police, which was played for the jury, appellant admitted driving his van through the screened porch, but said that it was only in response to Lora's waiving a knife around. Appellant added that he was not trying to hit Lora with the vehicle, only to "push him back." Lora denied having a knife and testified that "it sounded like [appellant] floored it" as he drove the vehicle in Lora's direction.
Over the objection of the prosecutor, the trial court permitted appellant to advance a claim of self defense and gave the self-defense instruction to the jury. Despite permitting appellant's claim of self defense, however, the trial court excluded evidence regarding a prior specific act of violence on the part of Lora. Upon review, we find that the trial court erred in giving the self-defense instruction on the facts of this case; thus, it was not error to exclude evidence of Lora's prior specific acts of violence.
Under Florida statutory and common law, a person may use deadly force in self defense if he or she reasonably believes that deadly force is necessary to prevent imminent death or great bodily harm. See § 776.012, Fla. Stat. (1999); DeLuge v. State, 710 So.2d 83, 84 (Fla. 5th DCA 1998); Weiand v. State, 732 So.2d 1044, 1049 (Fla.1999); Fla. Std. Jury Instr. (Crim.) § 3.04(d). Even under those circumstances, however, a person may not resort to deadly force without first using every reasonable means within his or her power to avoid the danger, including retreat. See Weiand, 732 So.2d at 1049. An individual is not required to retreat from his or her residence before resorting to deadly force in self defense, so long as the deadly force is necessary to prevent death or great bodily harm. See id.
It is well established that "if there is the slightest evidence of an overt act by the victim which may reasonably be regarded as placing the defendant in imminent danger, all doubts as to the admission of self-defense evidence must be resolved in favor of the accused." Nelson v. State, 739 So.2d 1177, 1178 (Fla. 4th DCA 1999) (citing Smith v. State, 606 So.2d 641, 643 (Fla. 1st DCA 1992)).
In the instant action, Lora's alleged overt act of moving toward appellant with a knife as the appellant was sitting in his vehicle and in the process of backing away cannot reasonably be regarded as placing appellant in imminent danger of death or great bodily harm. Given the fact that the weapon allegedly used by Lora was a knife and not a firearm, appellant could have ended the confrontation and averted any threat of danger simply by driving away. Under these circumstances it was unreasonable for appellant to resort to deadly force. See Weiand v. State, 732 So.2d at 1049 (one has a duty to retreat "to the wall" unless in one's home or it would increase the danger). Accordingly, under these facts, appellant was not entitled to a self-defense instruction; the trial court erred in allowing appellant to proceed on that theory, and in so instructing the jury.
On appeal, appellant contends that because his defense was self defense, he should have been allowed to elicit testimony concerning prior specific acts of violence on the part of Lora. Appellant presented the following proffer:
Q. Are you aware that Louis Lora has cut someone with a knife before?
. . . .
Q. Were you aware of that on May 17, 1999? Were you aware of that fact?
A. Yes, I was. I was hanging out with him.
Evidence of the dangerous character of the victim is admissible to show, or as tending to show, that the defendant *458 acted in self defense. See Smith v. State, 606 So.2d 641, 642 (Fla. 1st DCA 1992); see also § 90.404(1)(b), Fla. Stat. (1999). The victim's character becomes relevant to resolve an issue as to the reasonableness of the defendant's fear at the time of the incident. See Lozano v. State, 584 So.2d 19, 23 (Fla. 3d DCA), rev. denied, 595 So.2d 558 (Fla.1992). Evidence of the victim's reputation is admissible to disclose his or her propensity for violence and the likelihood that the victim was the aggressor, while evidence of specific acts of violence by the victim is admissible to reveal the reasonableness of the defendant's apprehension at the time of the incident. See Smith, 606 So.2d at 642-643; State v. Smith, 573 So.2d 306 (Fla.1990)("A defendant's testimony that he or she knew about specific acts of violence committed by the victim is relevant to show ... the reasonableness of the defendant's apprehension to support a self defense claim ..."). Before a defendant may offer either type of character evidence, however, he or she must lay a proper predicate demonstrating some overt act by the victim at or about the time of the incident which reasonably indicated to the defendant a need for action in self defense. See Smith, 606 So.2d at 643; Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984); Williams v. State, 252 So.2d 243, 247 (Fla. 4th DCA), cert. denied, 255 So.2d 682 (Fla.1971). In the instant action, as previously discussed, appellant failed to present sufficient evidence to set forth a proper claim of self defense; consequently, he failed to lay the proper predicate for the introduction of Lora's specific acts of violence.
Accordingly, we affirm appellant's convictions.
STEVENSON and GROSS, JJ., concur.