SHEVIN, Judge.
Corey Terrell Sanford appeals his convictions and sentences asserting error in the trial court’s failure to permit defense counsel to elicit testimony as to the victim’s reputation in the community for violence. We reverse.
Sanford’s defense to the charge of attempted first-degree murder was self-defense. At trial, Sanford and the victim gave opposing renditions of the incident resulting in the charges. Each man testified that the other pulled out a gun, over which a struggle ensued. The eyewitness *655 testified that he saw a struggle between the two men over a gun and that the gun fired during the struggle. The state attempted to impeach the eyewitness with statements he had allegedly given to the police at the scene. The state objected when defense counsel attempted to question the witness as to whether the witness was aware of the victim’s reputation for violence in the community. The court sustained the state’s objection, finding that defendant did not lay the proper predicate for the evidence; the court did not permit the testimony. On appeal, Sanford argues that this ruling was reversible error and prevented him from properly presenting his self-defense theory. We agree with Sanford’s contention.
Evidence establishing the victim’s reputation for violence may not be admitted without the proper predicate demonstrating an overt act by the victim indicating to the defendant the need for self-defense. Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984); Williams v. State, 252 So.2d 243, 247 (Fla. 4th DCA 1971). “[Wjhere there is even the ‘slightest evidence’ of an overt act by the victim ‘which may be reasonably regarded as placing the accused apparently in imminent danger of losing his life or sustaining great bodily harm,’ all doubts as to the admissibility of evidence bearing on his theory of self-defense must be resolved in favor of the accused.” Quintana, 452 So.2d at 101 (citing Hawthorne v. State, 377 So.2d 780, 787 (Fla. 1st DCA 1979)).
In this case, Sanford testified that when he encountered the victim, the victim punched him in the face, that the victim had the gun and pulled the gun on him; Sanford struggled with the victim to avoid being shot. The gun went off during the struggle, and not before. This rendition of the events was clearly sufficient to support the introduction of the evidence regarding the victim’s reputation for violence in the community. Where, as here, the defendant’s sole defense rests on his assertion of self-defense, we cannot conclude that sustaining the state’s objection was harmless error. Smith v. State, 606 So.2d 641, 643-44 (Fla. 1st DCA 1992); Williams, 252 So.2d at 247.
Based on the foregoing, we reverse the convictions and sentences, and remand for a new trial.
Reversed and remanded.