WELLS, Chief Judge.
B.B. appeals from a determination of delinquency on one count of battery. See § 784.03, Fla. Stat. (2010). For the following reasons, we reverse.
The victim of this crime, Sharon Austin, is the mother of the defendant, seventeen year old B.B., and nineteen-month old T.Y. The day of the incident, Austin and B.B. argued, prompting B.B. to leave home and not return until 11:30 p.m. While B.B. was gone, Austin attempted to enter B.B.’s bedroom to check on some pets only to discover that the door was locked. When Austin tried to unlock the door with a paperclip, the paperclip broke in the lock. After B.B. returned home and discovered that she could not open the door to her room, she began to yell at her mother. Austin, according to B.B., began to curse at her and threatened to hit her if she did not quiet down because B.B. was going to awake the nineteen-month old sleeping in another room. After B.B. responded “I don’t care. That’s not my problem,” and continued to escalate her verbal protest, Austin swatted B.B. on the head in an attempt to get her to “snap out of it.” While admittedly unharmed and only surprised by the swat, B.B. began beating on her mother with a cell phone which she was holding in her hand, cutting her mother’s nose, raising a number of lumps on her head and causing a nose bleed. Austin called for help and Officer Potu responded, arresting B.B. because she wanted to separate mother and daughter and B.B. was the least injured.
B.B. was charged with a single count of battery. The day before trial, B.B., claiming self defense, filed a pretrial motion in limine seeking permission to inquire into her mother’s prior acts of violence, maintaining: “[t]he past acts of violence committed by the alleged victim go directly to the defense, because they reflect on the reasonableness of B.B.’s actions.” The trial judge denied the motion ruling:
Here is my ruling. I am not striking the motion ...
However I am denying it. Any self defense case that you wish to put on is going to be limited to actions which were taken right around the incident.
At the close of the evidence, B.B. moved for dismissal, again arguing that B.B. had acted in self defense, maintaining that B.B. had a reasonable belief that her conduct was necessary to defend herself. The State maintained that B.B. had responded with unreasonable force and the trial judge agreed:
[Tjhat with regard to self defense, dealing in self defense one can use reasonable force. The evidence adduced here today demonstrates, B.B., that you hit your mom three or four times. That was no reasonable force. Therefore I have no choice but to find you delinquent.
The court withheld adjudication, and B.B. was sentenced to six months of probation, an anger management course, a curfew, and family therapy. At a hearing for reconsideration, the defense again argued that Austin’s prior, specific acts of violence should have been admitted, as relevant to the determination of whether B.B. exer *1218 cised reasonable force. The trial court adhered to its prior rulings.
We agree with B.B. that the trial court erred in concluding that Austin’s prior violent acts were not admissible when the key issue to her defense was the reasonableness of the force used against her mother. See Munoz v. State, 45 So.3d 954, 957 (Fla. Sd DCA 2010) (“[T]he purpose of specific acts evidence in a self-defense case is to demonstrate the reasonableness of the defendant’s fear at the time of the incident. State v. Smith, 573 So.2d 306 (Fla.1990); Sanchez, [445 So.2d 1, 2 (Fla. 3d DCA 1984) ]; Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984); Marcum [v. State, 341 So.2d 815, 817 (Fla. 2d DCA 1977) ].”); Hedges v. State, 667 So.2d 420, 422 (Fla. 1st DCA 1996) (footnote omitted) (“[E]vi-dence either of the victim’s reputation for violence or of specific prior acts of violence is admissible, when the defendant knew of the victim’s violent acts or of his violent reputation at the time of the alleged offense. Such evidence tends to show that the defendant acted in self-defense. Smith v. State, 606 So.2d 641 (Fla. 1st DCA 1992). Evidence of prior specific acts of violence by the victim is admissible because it is relevant ‘to reveal the reasonableness of the defendant’s apprehension at the time of the incident.’ Id. at 642-43, citing Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984).”); Toledo v. State, 452 So.2d 661, 662 (Fla. 3d DCA 1984) (“[T]he kind and degree of force which may lawfully be used in self-defense is ‘limited by what a reasonable person in the same situation as such person, ... then would believe to be necessary.’” (quoting State v. Scroggins, 91 Idaho 847, 433 P.2d 117, 119 (1967))).
Here, Austin’s prior acts were offered to illustrate B.B.’s state of mind during the altercation. There was no dispute that Austin had hit B.B. in the face, constituting a triggering overt act. See Nelson v. State, 739 So.2d 1177, 1178 (Fla. 4th DCA 1999). However B.B. was precluded from explaining that because Austin had in the past abused her, pulling her hair out by the roots and scratching and cutting her, she was fearful during the current altercation thereby justifying the amount of force used against her mother. This was error.
Because we are unable to say that the court’s error in precluding this testimony was harmless beyond a reasonable doubt, see State v. DiGuilio, 491 So.2d 1129 (Fla.1986), the order under review is reversed and this case is remanded.