JULIUS HERRING v. STATE.

154 So. 187.
Division B.
Opinion Filed March 5, 1934.

*E. M. Baynes,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case the plaintiff in error was informed against charged with the crime of assault with intent to commit murder and convicted of the crime of assault with intent to commit manslaughter.

There are thirty assignments of error. We shall not discuss them separately. Many of the assignments of error are addressed to the alleged errors occurring in the admission of evidence relative to the right of possession of a certain parcel of unfenced open land in the Florida Everglades, all of which was irrelevant and immaterial and may have been prejudicial to the defendant. The jury was not trying the question of right of possession to the property concerning which the altercation appears to have occurred. The question which the jury was required to determine was whether or not defendant unlawfully assaulted the party upon whom he was alleged to have made the assault with a deadly weapon.

During the trial the defendant offered as a witness to prove his reputation as to good character as a peaceable and law-abiding citizen one E. L. Willis, who testified that he

had lived in the same community with and been personally acquainted with the defendant for the then past five years and that he had never heard anything against defendant's good character for peace and quietude until the instant difficulty occurred. That he had never heard his character and reputation in this regard discussed in the community. On motion this testimony was stricken. This was error. In Hinson v. State, 59 Fla. 20, 52 Sou. 194, we said:

"While a witness is not competent to testify to the reputation of another person unless he can say he believes he knows the general reputation of such person in the community, yet one who has been personally acquainted with another for a considerable length of time and who has been in a position where he probably would have heard that other's reputation talked about were it the subject of comment and who has never heard it questioned may testify to the good reputation of such person. Such a witness may testify to good reputation by saying that he has never heard anything said against the person."

The evidence is quite conflicting as to who was the aggressor in bringing on the difficulty and as to whether or not the plaintiff in error acted in his lawful self-defense and, therefore, the errors above mentioned will be sufficient to warrant a reversal of the judgment. It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.