PER CURIAM.
The defendant was indicted and tried on the charge of murder in the first degree. A verdict of guilty of murder in the second degree was returned by the jury.
In disposing of this appeal it is only necessary to consider one assignment of error —“Did the Court err in striking the testimony of the three reputation witnesses.”
The Court struck the testimony of the witnesses John Newbern, Horace O’Shields, and Howard K. Hall because each of said witnesses testified that their opinion of the defendant’s character was based primarily on the fact that they had never heard anything bad or derogatory about the defendant even though they had known him for many years and lived in the same community with him.
It was clearly error to strike the testimony of these witnesses. See Hinson v. State, 59 Fla. 20, 52 So. 194; also Herring v. State, 114 Fla. 156, 154 So. 187.
At the trial the State vigorously opposed the introduction of the testimony of these three witnesses, yet now contends that the error was harmless.
The State presented two eye witnesses to the homicide — Larry Davis, aged 12 years, and Albert Butcher, aged 10 years. The testimony of these two witnesses conflicts in some material points. The defendant was the only other eye witness. His testimony is in conflict with the testimony of the two other eye witnesses as to the material facts involved in the shooting. Therefore, the credibility of the defendant and the other two eye witnesses was vital to the defense.
The record shows that four character witnesses were permitted to testify and that the testimony of the three witnesses named here was stricken by the Court and the jury admonished to disregard their testimony. This record reflects a very strenuous effort on the part of the defense to introduce the testimony of these witnesses and an equally strenuous effort by the State to exclude their testimony. The record shows that the trial court was very concerned, even recessing for the purpose of research and argument on the question of the admissibility of the testimony of the three witnesses in question. It is certainly clear that, at the trial, the State considered that the testimony would be harmful and that the defendant considered it would be helpful to him.
The jury did not find the defendant guilty of the maximum offense charged and we can only speculate as to whether or not the proffered evidence would have had any effect on their verdict.
We cannot say with any degree of certainty that the error was harmless, and therefore must reverse.
Reversed and remanded for new trial.
WIGGINTON, Acting C. J., CARROLL, DONALD K., J., and FITZPATRICK, W. L., Associate Judge, concur.