315 So.2d 507 (1975)
Homer HODGE, Appellant,
v.
STATE of Florida, Appellee.
No. W-93.
District Court of Appeal of Florida, First District.
June 30, 1975.
*508 John R. Weed and Conrad C. Bishop, Jr., Perry, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
STURGIS, WALLACE E., Jr., Associate Judge.
Appellant was tried for first degree murder and was subsequently convicted by a jury of manslaughter. This appeal was from the denial of a motion for new trial and for acquittal. An additional assignment of error was the failure of the Trial Court to permit testimony concerning the deceased's reputation or character (by evidence of prior criminal record).
Homer Hodge, his son and a friend were having drinks at a table at the County Line *509 Bar in Taylor County on December 8, 1973. The deceased, Ulysses Woodfaulk, and his friend Moyd entered this bar to get some beer. Shortly thereafter they were asked by the wife of the owner of the bar to leave, apparently because Woodfaulk was conducting himself in a rowdy manner. It was disputed how many times Woodfaulk re-entered the bar, but at one time the owner of the bar sprayed him with mace to prevent his entry. Following this, Hodge, his son and the friend saw Moyd approaching the entrance to the bar with a shotgun. At that point, Hodge obtained a gun belonging to the owner of the bar and went to the door where he met Woodfaulk, who was apparently armed with a pistol. What followed is not clear. It was undisputed that Hodge was holding the weapon which resulted in Woodfaulk's death. However, there was conflicting evidence as to exactly how the fatal shot was fired.
The State produced two witnesses, appellant's son and the friend, who testified that the weapon discharged when deceased pulled on the barrel. This was corroborated by appellant's own testimony. Moyd, also testifying for the State, said that as Woodfaulk was trying to gain entry into the bar, the door suddenly flew open and an unknown person stuck a gun out and fired hitting Woodfaulk. Moyd stated that he was unable to see whether Woodfaulk had a pistol in his hand or if he grabbed the barrel of the shotgun. Since the State at no point asserted that the appellant's son or friend were adverse witnesses, it was bound by their testimony. Weinstein v. State, 269 So.2d 70 (1st D.C.A. Fla. 1972).
It is fundamental that the State has the burden of producing evidence sufficient to establish to the exclusion of every reasonable doubt the guilt of the appellant and the elements of the offense of which the appellant was convicted. Establishment of even a strong probability of guilt is not sufficient. Kilbee v. State, 53 So.2d 533 (Fla. 1951). Leavine v. State, 109 Fla. 447, 147 So. 897 (1933). Sharp v. State, 120 So.2d 206 (2nd D.C.A. 1960). We are convinced after a careful review of the record that the State established no more than a probability that appellant was the one responsible for the death of the deceased. In fact, the State's own evidence serves equally well to support the conclusion that deceased himself caused the weapon to discharge by jerking on the barrel.
It was the duty of the jury to give the appellant the benefit of every reasonable doubt. Where circumstances are susceptible of two reasonable conclusions, one indicating guilt and the other innocence, the jury must accept that conclusion indicating innocence. As stated in Gustine v. State, 86 Fla. 24, 27, 97 So. 207, 208 (1923):
"If the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be."
For the same conclusions of law, see Mayo v. State, 71 So.2d 899, 900, 904 (Fla. 1964).
Neither the State nor the appellant requested an instruction on circumstantial evidence, and the same was not given by the Trial Court. However, in review, the record discloses an abundance of circumstantial evidence supporting the defense and indicating innocence of the crime charged and of the lesser included offenses.
The mere fact that there may have been a struggle for possession of the gun does not justify a conviction of manslaughter. In Dolan v. State, 85 So.2d 139 (Fla. 1956), a manslaughter conviction was sustained because the evidence clearly showed that the actions of the defendant in that case set the stage for the tragedy which *510 ultimately and inevitably followed. The weight of evidence of the present case fails to support a finding that the appellant was the one who set the stage.
In Hurley v. State, 43 So.2d 179 (Fla. 1949), the evidence was held insufficient to establish a conviction of manslaughter where, in a struggle for a shotgun, it was as reasonable to assume that the deceased had caused the fatal shot to discharge as if the appellant had done so. Much the same situation exists here.
Although not necessary to support our conclusion in this case, we feel compelled to address appellant's assignment of error for the exclusion of testimony concerning the character or reputation of the deceased, because of the possibility that the issue may arise again.
The defense proffered the testimony of the Clerk of the Circuit Court of Taylor County who testified that the court records showed the victim Woodfaulk was charged in the spring term of 1955 with the crime of manslaughter and was convicted by jury of aggravated assault. No other evidence relating to the crime was offered. The Trial Court sustained the State's objection to the proffer.
Before evidence of the reputation or character of the victim can be introduced, a proper foundation must be laid. Essential to that foundation is that the circumstances of the homicide must be such that they would tend to raise or support a case of self-defense. Roten v. State, 31 Fla. 514, 12 So. 910 (1893). Garner v. State, 28 Fla. 113, 9 So. 835 (1891).
With these considerations in mind, we must restate our previous decisions that knowledge by the defendant of a victim's character is not necessary to support the introduction of such evidence. Cole v. State, 193 So.2d 47 (1st D.C.A. Fla. 1967). Rafuse v. State, 215 So.2d 71 (1st D.C.A.Fla. 1968). See also annotations at 1 A.L.R.3d 601. Prior knowledge is required for the admission of evidence as to reputation.
The character of a person is that which makes him act the way he does, evidence of which may be introduced as tending to explain or show the conduct of the person at the time in question. Thus, there need be no prior knowledge by the defendant of a victim's character because evidence of that is admissible only with reference to the victim's actions, not to the defendant's.
The reputation of a person is the outward manifestation of his character as observed by those with whom he comes into contact. The essential element is the contact with others; without this they can have no knowledge upon which to base their reactions to the individual and his conduct. In other words, character is how the individual acts; reputation is how others react to him.
It is axiomatic, therefore, that before one can claim to have reacted to another in a certain manner because of that person's reputation or character, the one putting forth such claim must first establish such prior contact as would give him sufficient knowledge of the reputation or character that would cause the reaction. Evidence as to character alone may be introduced under appropriate circumstances to help show the actions or intentions of a victim with respect to the defendant. It may not be used to explain a defendant's action unless the proper foundation or prior knowledge has been established.
We do not undertake to rule on the correctness of the exclusion of such evidence in the case sub judice. Should the issue arise again, however, the Court should be guided by the principles which we have set forth.
Because we find that the evidence relied upon by the State was insufficient to support a conviction in this case, it is not necessary to pass upon appellant's other contended *511 error. The judgment appealed from is reversed and this cause is remanded for the Trial Court to enter a judgment of acquittal and discharge the appellant.
BOYER, Acting C.J. and JOHNSON, J., concur.