389 So.2d 1191 (1980)
Louis PINO and Diane Pino, Appellants,
v.
Fred KOELBER, an Individual, the City of Cape Coral, and the Aetna Insurance Company, a Foreign Corporation, Appellees.
No. 79-2245.
District Court of Appeal of Florida, Second District.
October 10, 1980.
Rehearing Denied November 12, 1980.
*1192 John R. Snow of Pankow & Snow, Fort Myers, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
GRIMES, Acting Chief Judge.
This is an appeal from a judgment for the defendants in a civil action for assault and battery. The primary issues are whether the court erred in allowing testimony concerning the lack of propensity for violence of the defendant Koelber and in permitting the introduction of specific evidence of collateral acts of violence on the part of the injured plaintiff.
Evidence presented at trial demonstrated that at approximately 1:45 on the morning of April 22, 1977, Louis Pino was driving his automobile on Palm Tree Boulevard in Cape Coral. After following Pino for a short distance, Officer Koelber of the Cape Coral police suspected him of driving under the influence of alcohol and ordered him to stop. Pino testified that Koelber told him to exit his vehicle, and, as he did, struck *1193 him in the right cheek with a flashlight causing severe injuries. Pino said he made no motion toward the officer and was standing next to his vehicle with his hands at his side when Koelber struck him. Koelber, however, testified that Pino came toward him with his fist raised and that he struck Pino in self defense. The jury rendered a verdict in favor of Koelber as well as the City of Cape Coral and its insurer.
Appellants contend that the court erred in having admitted over their objection evidence of Koelber's reputation for peace and quiet and lack of violence. They also argue that the court should have sustained their objection to testimony concerning two separate events, one before and one after the incident in question, offered by appellees to prove Pino's propensity to react violently when confronted by persons in authority. Since both of these issues involve character evidence, it would be helpful to first consider the general rules pertaining to the admissibility of such evidence.
When a person's character is an essential element in the case, evidence of his character is always admissible because it is in issue. 1 S. Gard, Jones on Evidence § 4:34 (6th ed. 1972). On the other hand, evidence of one's character which is offered only as tending to prove the probability that he acted in a manner consistent with that character on a particular occasion is generally inadmissible. McCormick on Evidence § 188 (2d ed. 1972). The reason for the rule is that when character is introduced only as circumstantial evidence of conduct, there is too much danger of surprise, prejudice and distraction from the issues.
There are, however, some well recognized exceptions to the rule of inadmissibility, notably in criminal cases. The accused may always produce evidence of his good character so long as it relates to a trait involved in the crime with which the state has charged him. Id. § 191. Likewise, when there is evidence of self defense, the accused is entitled to introduce evidence of the victim's reputation for violence on the issue of who was the first aggressor. Id. § 193.
In most civil cases, the majority of courts follow the general rule of refusing to permit character evidence when character is not an issue in the case. 1 J. Wigmore, Evidence § 64 (3d ed. 1940). However, perhaps because civil assault and battery actions are somewhat akin to their criminal counterparts, many courts apply the criminal rules of admissibility of character evidence to those cases. 1 S. Gard, supra at § 4:34 (6th ed. 1972). Thus, McCormick supra at Section 192 states:
Civil actions for assault and battery seem often to be treated as in a class by themselves. When the issue is merely whether the defendant committed the act charged, then the courts would presumably admit or exclude defendant's evidence of good reputation according to their alignment with the majority or minority view on the general question, as discussed above. But when the defendant pleads self-defence, he may show the plaintiff's reputation for turbulence if he proves it was known to him, on the issue of reasonable apprehension. Similarly, when on a plea of self-defence or otherwise there is an issue as to who committed the first act of aggression, most courts (regardless of their alignment on the general question) seem to admit evidence of the good or bad reputation of both plaintiff and defendant for peacefulness as shedding light on their probable acts. This cannot be justified, as is sometimes attempted, on the ground that character is here "in issue"-the issue is clearly one of conduct-but probably there is in these cases a special need even beyond that in most cases of charges of crime in civil actions, for knowing the dispositions of the parties.
As it relates to the admissibility of evidence of Koelber's reputation for peace and quiet and lack of violence, what is the law in Florida? A defendant in a criminal case can introduce evidence of his good character and reputation where such evidence has reference to a trait involved in the offense charged. Norman v. State, 156 So.2d 186 *1194 (Fla. 3d DCA 1963). Thus, a criminal defendant accused of assault or battery is entitled to introduce evidence of his lack of propensity toward violence. Seabrook v. State, 348 So.2d 663 (Fla. 2d DCA 1977).
If we were free to make our own determination, we would be inclined to apply the same rule to a civil case for assault and battery where there is an issue of who was the first aggressor because evidence of the lack of propensity of the defendant for violence ought to be just as relevant as in a criminal case. See Niemeyer v. McCarty, 221 Ind. 688, 51 N.E.2d 365 (1943). However, our supreme court appears to have foreclosed this result in Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1940), which was a civil case for assault and batter. In affirming the refusal to charge the jury that in reaching its verdict it could consider evidence which the defendant had introduced concerning his good reputation for truth and veracity and as a law abiding citizen, the court said that "evidence of good character or reputation is not relevant in the first instance in a civil action or where the reputation of the party has not first been attacked by evidence of bad character." 145 Fla. 400, 199 So. at 360. Accordingly, the court should not have admitted evidence of Koelber's reputation for peace and quiet and for lack of violence.
With respect to the second point, Florida permits a defendant in a criminal case to introduce evidence of the violent reputation or character of a victim providing there is a showing of self defense on the part of the defendant. Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975). One legitimate basis for the admission of such evidence is for the purpose of showing that the victim was the first aggressor. Fine v. State, 70 Fla. 412, 70 So. 379 (1915). When a defendant offers evidence for this purpose, it is unnecessary for him to show that he had prior knowledge of the victim's propensities. Banks v. State, 351 So.2d 1071 (Fla. 4th DCA 1977). However, while evidence of specific violent acts of a victim are admissible where it can be shown that the defendant knew of such acts at the time of the alleged crime, evidence of this type is inadmissible where the defendant has never heard of the victim before the incident in question. Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1971). There are no cases in Florida which specifically deal with the admissibility of evidence of the plaintiff's character in a civil case for assault and battery.
Pino and Koelber were unknown to each other prior to this incident. Therefore, even if this were a criminal case in which Koelber was charged with having attacked Pino, evidence of specific acts of violence on the part of Pino would not have been admissible. Since the tendency to admit character evidence in civil cases is generally more restrictive, we are convinced that the court should not have permitted evidence of Pino's specific acts of violence.
Because this case is going to have to be retried, we will address the question of whether Koelber would be permitted to introduce evidence of Pino's character through witnesses who would testify to his reputation for violence. On this point, we are able to follow our predilection to treat a civil case for assault and battery in the same manner as a criminal case. We believe that the broad statement in Pandula v. Fonseca quoted above can be limited because in that case self defense had not been raised so there was no issue of who was the first aggressor. Therefore, evidence of Pino's reputation for violence would be admissible as tending to show him to be the first aggressor.
We reverse the judgment and remand the case for a new trial.[1]
DANAHY and CAMPBELL, JJ., concur.
NOTES
[1] The new Florida Evidence Code is not applicable to this case because this action accrued before the effective date of the code. § 90.103(2), Fla. Stat. (1979). Yet, both of the conclusions we have reached to reverse this case coincide with the result which the code would dictate. §§ 90.404(1), 90.405, Fla. Stat. (1979). Apparently, however, the code would even preclude reputation evidence of Pino's propensity for violence because his character is not an issue in the case. § 90.404(1), Fla. Stat. (1979).