497 So.2d 731 (1986)
Norman BURK, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1465.
District Court of Appeal of Florida, Second District.
November 14, 1986.
*732 James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Norman Burk, has appealed from a judgment and sentence imposed upon him pursuant to a jury verdict finding him guilty of first degree murder. We find that the trial court erred in refusing to allow appellant to testify concerning his knowledge of the victim's reputation for violence and, accordingly, reverse and remand for a new trial.
Appellant was charged with committing the crime of first-degree premeditated murder, a violation of section 782.04(1)(a), Florida Statutes (1983). Appellant did not deny shooting the deceased, Charles Morrise, but claimed that he had done so in self-defense. At trial, the state objected to appellant testifying concerning his knowledge of the victim's reputation in the community for violence. In sustaining the objection, the trial court stated that such testimony would be self-serving. At the conclusion of appellant's testimony, the defense rested and the jury was dismissed for the day. The next morning, the state announced it had erroneously objected to appellant's testimony. The state withdrew its objection and offered to allow appellant, subject to cross-examination, to answer a question as to the deceased's general reputation for violence in the community in which he lived, so long as appellant knew of that reputation. The court then stated it would allow the case to be reopened for that purpose. Appellant's attorney declined to accept the court's offer. He stated that if appellant were to testify, the door would be opened for cross-examination and that appellant might then need to bring in other *733 witnesses for rebuttal. These witnesses had been available during trial, but had been released after the parties had rested their cases.
The jury was instructed that if it found that the deceased, Charles Morrise, had a reputation for being a violent and dangerous person and that his reputation was known to the appellant, it could consider this fact in determining whether the appellant's actions were those of a reasonable person dealing with an individual of that reputation. The jury found appellant guilty as charged. Upon appellant's motion, the court dispensed with the penalty phase of the proceedings on the ground that there were insufficient aggravating circumstances to warrant, as a matter of law, the death penalty. Appellant was subsequently adjudicated guilty and sentenced to serve a term of life imprisonment with a minimum of twenty-five years without parole. This timely appeal followed.
Of all the points appellant has raised on appeal, we agree only with his contention that the trial court erred in refusing to allow him to testify concerning the deceased's reputation for violence.
When a defendant pleads self-defense in a prosecution for murder and a proper foundation is laid at trial, evidence of the deceased's violent character is admissible if an issue exists as to either the deceased's conduct, i.e., whether he was the first aggressor, or the reasonableness of the defendant's belief concerning imminent danger from the deceased. See Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975); Banks v. State, 351 So.2d 1071 (Fla. 4th DCA), cert. denied, 354 So.2d 986 (Fla. 1977); Williams v. State, 252 So.2d 243 (Fla. 4th DCA), cert. denied, 255 So.2d 682 (Fla. 1971); see also, Pino v. Koebler, 389 So.2d 1191 (Fla. 2d DCA 1980). In this case, evidence of the circumstances of the homicide tended to support the claim of self-defense. Appellant testified that the deceased approached him in a threatening manner and that, when the deceased reached into his pocket, he made a motion which caused appellant to believe he was going for a weapon. Appellant testified that for these reasons, he became afraid and shot the deceased. Because an issue existed as to the reasonableness of the appellant's belief concerning the imminent danger from the deceased, the court erred in refusing to allow appellant to testify concerning his knowledge of the deceased's reputation for violence. Banks; Williams.
As appellant's only defense to the charge was that of self-defense, we are unable to say that the failure to admit the reputation evidence was harmless error. Banks. This error was aggravated when the court sustained, in the jury's presence, an objection to appellant being questioned on this issue and then subsequently instructed the jury that it could consider the deceased's reputation, if it was known by appellant, in determining whether his actions were those of a reasonable person dealing with an individual of that reputation.
The state contends that when the trial court offered appellant an opportunity to reopen his case to present such evidence, it cured the previous error. We disagree.
Whether to allow the reopening of a case is a question involving sound judicial discretion of the trial court, a discretion rarely interfered with at the appellate level. Pitts v. State, 185 So.2d 164 (Fla. 1966). It commonly occurs when either party requests the court to reopen their case so that they may present evidence. In this case, however, the appellant did not move to reopen his case. It was the state who suggested this course of action in order to cure an error it had created the previous day.
In exercising its discretion to reopen a case for additional evidence, the court should consider the timeliness of the motion, the character of the testimony, and the effect of granting the motion. United States v. Walker, 772 F.2d 1172 (5th Cir.1985). The belated receipt of such testimony should not imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet *734 the additional evidence offered. Walker; United States v. Larson, 596 F.2d 759 (8th Cir.1979). Forcing the appellant to reopen his case and present evidence to correct the state's error would have resulted in unfair prejudice to the appellant. The state conditioned its request upon the right to cross-examine appellant's testimony, but because the case had already been closed and appellant's witnesses released from subpoena, appellant would have been prohibited from having an adequate opportunity to meet the additional evidence brought out on cross-examination. See generally, Walker; Larson (rebuttal witnesses were still available).
The state argues that appellant could have asked the trial court to reissue subpoenas and recess the trial until such time as the witnesses could be returned to court. Appellant claims, however, and we agree, that even if the witnesses could have been resubpoenaed, the fragmentation of appellant's defense together with the mixed messages the jury would have received would have had a debilitating effect on his defense. The state, as the moving party, had the burden of proving lack of prejudice to the opposing party. We do not find that it carried this burden.
We, accordingly, reverse and remand for a new trial.
GRIMES, A.C.J., and FRANK, J., concur.