PER CURIAM.
The appellant, Daniel P. Murphy, challenges the convictions and sentences entered after he pled nolo contendere to three counts of burglary and one count of dealing in stolen property and reserved his right to appeal the trial court’s denial of his motion to suppress evidence. We reverse.
The state charged the appellant with three counts of burglary, one count of dealing in stolen property, and one count of possession of marijuana. The appellant filed a motion to suppress. After a hearing, the trial court granted appellant’s motion in regard to the marijuana charge. The trial court suppressed evidence of a marijuana pipe and marijuana found on appellant’s person. The trial court made no ruling in regard to items of stolen property or appellant’s statements regarding these items.
The appellant subsequently filed a renewed motion to suppress the statements and evidence of the allegedly stolen property. After another hearing, the trial court denied this new motion to suppress. The appellant pleaded no contest to three counts of burglary, and one count of dealing in stolen property, and reserved his right to appeal. This timely appeal followed.
The testimony of the officers at the suppression hearings indicated that the appellant and a companion were initially stopped in a public park and then arrested for possession of marijuana. While the appellant was being arrested for marijuana, the officer, standing next to appellant’s car, spotted a small boat motor and some lawn equipment on the back seat. The officer suspected these items were the result of recent home burglaries. The appellant denied that the items were stolen. The appellant was transported to the police station. During the course of interrogation he confessed to the burglaries.
We reverse the denial of the subsequent motion to suppress the evidence of the burglaries because appellant s confession was the product of the unlawful marijuana arrest. A confession obtained through custodial interrogation, after an illegal arrest, should be excluded unless there are intervening events that purge the taint of the illegal arrest. Taylor v. Alabama, 457 U.S. 687, 102 S.Ct. 2664, 78 L.Ed.2d 314 (1982). In this case, there were no intervening factors to dissipate the taint of the illegal arrest, and therefore, the appellant’s confession should have been suppressed.
We find that the trial court erred in denying the appellant’s motion to suppress. We, accordingly, reverse the appellant’s judgments and sentences and remand with instructions to discharge the appellant as to these charges.
Reversed and remanded with instructions.
RYDER, A.C.J., and SCHOONOVER and ALTENBERND, JJ., concur.