PER CURIAM.
Leonard Janear challenges the order summarily denying his motion for postconvietion relief pursuant to Florida Rule of Criminal Procedure 3.850. His motion was founded primarily on two claims based, respectively, on newly discovered evidence and on his trial counsel’s alleged ineffectiveness for failing to uncover that evidence. We reverse and remand for consideration of these two claims only. Without further discussion, we affirm the denial of relief on the remainder of Jan-car’s claims.
Jancar’s motion recited that his jury conviction for arson rested exclusively on incriminating statements he made following his arrest by Tampa Fire Investigator Michael Gonzalez. He appended to his motion a legal opinion, dated after his conviction, in which the Tampa city attorney determined that Gonzalez did not have proper certification from the Criminal Justice Standards and Training Commission and that consequently Gonzalez was not empowered to make arrests. Janear argues with sufficient precision that if this fact had been known before trial his incriminating statements would have been deemed inadmissible as the products of an illegal arrest, resulting either in his exoneration before trial, or in his acquittal.[1]
The circuit court justified its rejection of the newly discovered evidence claim by citing to Jancar’s initial brief to this court in the unsuccessful direct appeal of his conviction. In that brief Janear attempted to argue that his conviction should be reversed based upon the newly discovered evidence. The circuit court reasoned, quite logically, that the matter had been heard and decided by this court, and that a postconvietion motion should not provide Janear with the equivalent of a second direct appeal. In fact, however, Jancar’s newly discovered evidence claim was not heard in his prior-appeal. The brief to which the circuit court referred was stricken by this court on its own motion because the effect of newly discovered evidence is not an issue which can be heard on direct appeal of a conviction. Janear properly raised this issue in his motion for posteon-viction relief.
The circuit court denied Jancar’s ineffectiveness of counsel claim on the same basis, and added that the two assertions were contradictory. The court reasoned that whereas the newly discovered evidence claim rested on Jancar’s assertion that the evidence could not have been discovered with due diligence, his claim to ineffective assistance of counsel included the necessary allegation that his counsel should have discovered the evidence.
Rule 3.850 motions must be sworn. Naturally, movants must exercise caution when contemplating alternative theories of relief. But in this case we see nothing inappropriate about these apparently inconsistent claims being advanced in Jancar’s motion. The contradiction was.not between the underlying evidentiary facts alleged in the motion, but between the alternative ultimate conclusions that could be derived from the single set of underlying facts.
*145 We conclude that Janear set forth a facially sufficient claim regarding newly discovered evidence or, alternatively, ineffectiveness of trial counsel. In our review of this summary denial of a rule 3.850 motion we must accept as true Jancar’s sworn allegation that the investigator lacked arrest powers, because it is unrefuted by record attachments. For the same reason, we must credit Jancar’s declaration that at his trial the only substantial evidence linking him to the fire consisted of the statements he made at his post-arrest interrogation. On remand, the circuit court may again deny Jancar’s motion if it attaches to its order portions of the record that conclusively disprove one of these two factual allegations — Gonzalez’s lack of arrest powers, or the dearth of evidence introduced against Janear besides his incriminating statements. If neither of these allegations is conclusively refuted by the record, an evidentiary hearing will be required.
At such a hearing, unless one of Jan-car’s two factual allegations then proves to be untrue, the circuit court shall determine whether due diligence would have uncovered Gonzalez’s purported lack of certification. If not, this newly discovered evidence must be evaluated to determine whether it would “probably produce an acquittal on retrial.” See Jones v. State, 591 So.2d 911, 915-16 (Fla.1991). On the other hand, if the circuit court concludes that the evidence could have been found by due diligence, it must then determine whether the failure of Jancar’s trial counsel to discover it was an omission that fell below a standard of reasonableness under prevailing professional norms. If so, the circuit court must determine whether this oversight “probably affected” the outcome of the proceedings. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.

. As a general proposition, evidence gathered as a direct consequence of an illegal arrest, including incriminating statements, is subject to suppression. See Murphy v. State, 610 So.2d 575 (Fla. 2d DCA 1992) (citing Taylor v. Alabama, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982)); see also State v. Maloy, 697 So.2d 1242 (Fla. 2d DCA 1997). We are not called upon here to consider whether Jancar's statements would be admissible, irrespective of Gonzalez’s lack of authority to make the arrest as a law enforcement officer, if a lawful citizen’s arrest could have been effected. On remand, should an evidentiary hearing be conducted, the parties may choose to address the admissibility of these statements in that light in the event Jancar’s allegations about Gonzalez's arrest powers are borne out.