PETERSON, J.
Charles Owen Dwyer appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion in which he made claims of ineffective assistance of his trial counsel, newly discovered evidence[1] of the victim’s violent nature, and a Brady violation. We vacate the order based on the first two claims and remand for an evidentiary hearing.[2]
Dwyer’s conviction rested entirely on the jury’s consideration of the credibility of Dwyer and a co-defendant versus the testimony of the two victims. Dwyer alleged in his 3.850 motion that one of the victim’s reputation for violence constituted newly discovered evidence because it was not discoverable at the time of trial through the exercise of due diligence. Alternatively, Dwyer alleged that he received ineffective assistance because his counsel ignored his pleas to obtain the services of an investigator to seek evidence of the victim’s background, character, and reputation, and that, because his counsel hired an investigator only immediately before the trial, he was unable to discover any useful background information about the victim.
The trial court granted an evidentiary hearing “for the limited purpose of determining whether the affidavits of approximately 21 witnesses constitute newly discovered evidence which, would have been admissible at trial and would probably have resulted in a different verdict.” Five witnesses ultimately appeared on behalf of the appellant and confirmed that they would have testified at trial that they knew one of the victims to have a reputation for being aggressive and violent. Four out of five of the witnesses had been involved in previous skirmishes with this victim in which charges of armed trespass or similar charges were brought, and later dismissed, against the witnesses or members of their families.
Following the hearing, the trial court held, inter alia, that the newly discovered evidence could not be revisited because this court had previously affirmed Dwyer’s conviction. Dwyer v. State, 661 So.2d 840 (Fla. 5th DCA 1995); see Turner v. Dugger, 614 So.2d 1075, 1078 (Fla.1992) (claims procedurally barred if they, or variations thereof, were raised on direct appeal). Although this court did affirm the conviction, the only issue considered that involved the “newly discovered evidence” was a procedural issue, to wit: whether the trial court improperly struck Dwyer’s second motion for new trial. The second motion for a new trial is not a motion provided for in the Florida Rules of Criminal Procedure. The issue on appeal did not raise Dwyer’s entitlement to a new trial based on the discovery of new evidence. The issue was whether the trial court abused its discretion in determining that this new evidence did not establish that the testimony adduced at trial was fraudulently obtained and resulted in a verdict so tainted that the unusual remedy of granting an unauthorized, second and belated motion for new trial was warranted. Fraudulently obtained testimony may be raised by extraordinary means. State v. Glover, 564 So.2d 191 (Fla. 5th DCA 1990). Dwyer’s newly discovered evidence claim was procedurally barred from being considered in Dwyer’s prior appeal that raised the fraud issue. We believe that the trial court has not yet considered the impact the newly discovered evidence may have had on the verdict of guilt without being influenced by an erroneous belief that the issue had already been reviewed on the prior appeal.
*48 The trial court also found merit in the state’s argument that Dwyer’s newly discovered evidence claim was contradictory and inconsistent with his ineffectiveness of counsel claim. Dwyer’s contention that the newly discovered evidence could not have been discovered with due diligence seemed contradictory to his claim that counsel was ineffective for failing to timely discover that evidence. However, Dwyer was only advancing alternative theories of relief in his motion for post conviction relief based upon the same underlying facts. As noted by the second district in Janear v. State, 711 So.2d 143, 144 (Fla. 2d DCA 1998), the contradiction is not between the underlying evidentiary facts alleged in the motion, but between the alternative ultimate conclusions that could be derived from the single set of underlying facts.
The lower court further rejected Dwyer’s ineffective assistance of counsel claim based on the erroneous belief that even if defense counsel had discovered the omitted reputation witnesses, such evidence was not likely admissible because Dwyer did not know of the alleged victim’s reputation for violence. Generally, evidence of a victim’s character is inadmissible, but a defendant who alleges self-defense can show, through the testimony of another witness, that the alleged victim had a propensity for violence, thereby inferring that the alleged victim was the aggressor. Smith v. State, 606 So.2d 641 (Fla. 1st DCA 1992); see also Ehrhardt, Florida Evidence § 404.6 (1999 ed.); Graham, Handbook of Florida Evidence § 404.1 (1987). A defendant’s prior knowledge of the victim’s reputation for violence is irrelevant, because the evidence is offered to show the conduct of the victim, rather than the defendant’s state of mind. Ehrhardt. Accordingly, evidence of one of the victim’s reputation for violence was not prohibited by Dwyer’s lack of prior knowledge of that victim’s character traits.
We reverse and remand for a new evidentiary hearing on Dwyer’s claims of newly discovered evidence and ineffective assistance of counsel.[3] Upon remand, the trial court shall determine whether, through the exercise of due diligence, the reputation witnesses could have been timely discovered and if their testimony could have been presented at trial. If the reputation witnesses could not have been discovered through the exercise of due diligence, this newly discovered evidence must be evaluated to determine whether it would “probably produce an acquittal on retrial.” Jancar, at 145, citing Jones v. State, 591 So.2d 911, 915-16 (Fla.1991), *49 cert. denied, 523 U.S. 1041, 118 S.Ct. 1351, 140 L.Ed.2d 499 (1998). Alternatively, if the lower court concludes that the evidence could have been found with the exercise of due diligence, it must then determine whether the failure of Dwyer’s trial counsel to discover the evidence was an omission that fell below a standard of reasonableness under prevailing professional norms. Id. If so, the lower court must also determine whether this oversight probably affected the outcome of the proceedings. Id., citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).
ORDER VACATED AND REMANDED.
GOSHORN, J., concurs.
HARRIS, J., dissents, with opinion.

. Rule 3.850 has supplanted the writ of co-ram nobis as the means of seeking post-conviction relief on the basis of newly discovered evidence. Scott v. Dugger, 604 So.2d 465 (Fla.1992).

. We agree with the trial court that the state did not withhold exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. The dissent attempts to isolate the shooting and treat it separately from the entire event. We find it impossible to do so. If victim Lawson was an armed aggressor, Dwyer’s subsequent act of disarming Lawson was an act of self-defense. Once Dwyer and his co-defendant were in possession of the victims’ firearms, (although it does not appear to be clear how many weapons or firearms Lawson and his companion possessed, either on themselves or in their vehicle), the transaction was not at an end; Dwyer was entitled to hold Lawson and the other victim at bay until Dwyer either could safely depart or lawful assistance arrived. The fact that Dwyer alleges he shot Lawson by accident while exercising the right of self-defense does not eliminate the "self-defense against an aggressor” principle. Williams v. State, 588 So.2d 44 (Fla. 1st DCA 1991) (defendant entitled to self defense instruction where defendant alleged that during the course of the altercation in which he was defending another, his knife slipped open and struck victim in the shoulder). The principle continues until some intervening act occurs, such as a departure and return or an unreasonable expiration of time between disarmament and departure, or some other factual scenario which makes it no longer reasonable for a jury to conclude that an accident resulted from a justifiable use of force. Here, each side of the altercation vigorously accused the other of being the initial aggressor and disagreed over the course and cause of events that followed. The jury was entitled to hear evidence of Lawson's reputation in order to fully evaluate the conflicting contentions regarding the identity of the initial aggressor, Fine v. State, 70 Fla. 412, 70 So. 379 (1915); Pino v. Koelber, 389 So.2d 1191, 1193 (Fla. 2d DCA 1980), as well as the ensuing actions and intentions of Lawson. Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975).