RAMIREZ, J.
Stephen Hoffman appeals his judgment of conviction and sentence for attempted second degree murder. We reverse and remand for a new trial, finding that the trial court erred in excluding evidence of Hoffman’s reputation for non-violence.
The State filed an Amended Information charging Hoffman with attempted second degree murder with a dangerous weapon, stemming from an incident that occurred on September 8, 2002. On that date, the victim, Jorge Carménate, and his girlfriend at the time, were driving in the residential neighborhood off of US1 and Southwest 27th Avenue, in Miami-Dade County, when they came to a stop sign. As he was pulling out, a black cat darted across Carmenate’s path. He honked his horn at the cat, which appeared to get out of his way. When Carménate saw Hoffman was on the side of the street making many hand gestures and screaming a stream of profanities, he stopped the car because he thought he may have hit the cat. Carmen-ate saw Hoffman approaching from behind the car. Carménate rolled down his window and asked what was the problem. Hoffman continued to yell profanities. Carménate exited the car to see if anything happened to the eat. At trial, the various witnesses — Carménate, his girlfriend and Hoffman — recounted different versions of what followed, particularly as it related to who was the aggressor. But it is undisputed that Hoffman stabbed Car-ménate in the stomach with a knife and cut him on his left arm. The jury convicted Hoffman of attempted second degree murder.
The only issue on this appeal is the admissibility of City of Miami Commissioner Thomas Regalado’s testimony. Prior to the start of his case, Hoffman tried to introduce the testimony of Commissioner Regalado, regarding Hoffman’s reputation for peacefulness in the community. The commissioner proffered testimony, outside of the jury’s presence, that he lived in his house for the past twenty years and that Hoffman lived across the street from him. He testified that Hoffman had a reputation for peacefulness in the community. The State elicited from the commissioner that he never spoke to anyone concerning Hoffman’s reputation in the community. Commissioner Regalado further testified that he and his neighbors were familiar with Hoffman and that he had never seen Hoffman act violently. After the commissioner finished his proffer, the trial judge disallowed the commissioner’s testimony:
COURT: He specifically said I never had those discussions with my neighbors, who are the members of the community, concerning Mr. Hoffman’s peacefulness or violence, that is what’s required by the rules of evidence.
*645 At the conclusion of the evidence, defense counsel renewed his objection to the trial court’s exclusion of the reputation testimony. The trial court did not allow Commissioner Regalado to testify regarding Hoffman’s reputation. Thereafter, Hoffman was found guilty of attempted second degree murder and sentenced to 7.5 years incarceration in prison followed by 7.5 years of probation.
On appeal, Hoffman contends that the trial court erred in excluding evidence of his reputation for non-violence based solely on the fact that Commissioner Regalado never had a discussion with his neighbors about Hoffman’s reputation for non-violence. We agree that the trial court erred in preventing Hoffman from introducing the commissioner’s testimony that Hoffman had a reputation for peacefulness.
The general rule in Florida is that a criminal defendant is allowed to introduce evidence of his good character and reputation where such evidence has reference to a trait involved in the offense with which he is charged. Campos v. State, 366 So.2d 782, 784 (Fla. 3d DCA 1978); Seabrook v. State, 348 So.2d 663, 664 (Fla. 2d DCA 1977). A defendant’s lack of propensity toward violence is clearly relevant to the trait of violence inherent in a charge of attempted murder. Campos, 366 So.2d at 784; Seabrook, 348 So.2d at 664. Moreover, section 90.404(1)(a), Florida Statutes (2002), specifically allows the accused to offer evidence of a pertinent trait of his character. Pino v. Koelber, 389 So.2d 1191, 1193 (Fla. 2d DCA 1980). In the ease before us, Hoffman was charged with attempted second-degree murder. His defense was that he stabbed Carmen-ate in self-defense. As such, Hoffman’s lack of propensity toward violence was clearly relevant to the trait of violence inherent in the attempted second degree murder charge.
The trial court concluded that because Commissioner Regalado never actually had a discussion with a neighbor who told him that Hoffman had a reputation for peacefulness, it would not allow the commissioner to testify as to Hoffman’s reputation.We believe the trial court erred in making this conclusion.
In Hinson v. State, 59 Fla. 20, 21, 52 So. 194, 195 (Fla.1910), the defense wanted to call three character witnesses to testify that they lived in Hoffman’s community and that Hoffman had a reputation for honesty and integrity. The trial judge excluded the testimony of the three witnesses because they admitted they had never heard anyone discuss Hoffman’s reputation prior to testifying. Id. The Florida Supreme Court found that the trial court erred in excluding this reputation testimony and held:
A witness is not competent to testify to the reputation of another person, unless he can say that he believes he knows the general reputation of such person in the community. While the knowledge of the witness must extend to the other’s general reputation, one who has been personally acquainted with another for a considerable length of time, and who has been in a position where he probably would have heard that other’s reputation talked about, were it the subject of comment, as seems to be the case with the witnesses here, and who has never heard it questioned, may testify to the good reputation of such person. Such a witness may testify to good reputation by saying that he has never heard anything said against the person.
Id. See also Herring v. State, 114 Fla. 156, 154 So. 187 (Fla.1934); Eubanks v. State, 179 So.2d 256, 257 (Fla. 1st DCA 1965)(court erred in striking testimony of character witnesses where the witnesses’ opinion as to defendant’s reputation was *646 based upon the fact that they had never heard anything bad or derogatory about defendant even though they had known him for many years and lived in the same community with him).
'. In Hinson, the Florida Supreme Court laid out the procedure that a trial court should followed when a defendant seeks to introduce character evidence:
The inquiry should be whether the witness knows the general reputation of the person whose character is in issue in the given community, and as to the trait or quality in question. When the witness answers that question in the affirmative, the foundation for proving what that reputation is has been sufficiently laid, and the witness thus laying such foundation should be permitted to go on and testify as to what the reputation is, without being interrupted by a cross-examination to test the extent and sources of his information as to such character. The proper practice in testing, by cross-examination, the extent and sources of the knowledge or information of such impeaching witness, is to defer it until the witness has been turned over in regular order for cross-examination in general at the close of the examination in chief.
Hinson, 59 Fla. at 21, 52 So. at 195. Likewise, we conclude that the commissioner’s testimony that he lived in Hoffman’s neighborhood for over twenty years and had seen Hoffman and his neighbors interact with each other was a sufficient predicate to allow the commissioner to testify that Hoffman had a reputation for peacefulness in the community. Certainly, after the commissioner testified on direct examination regarding Hoffman’s reputation for peacefulness, the State would have had the opportunity to cross-examine the commissioner. At this point, the State could have elicited testimony from the commissioner indicating that he never had a discussion with his neighbors about Hoffman’s reputation for peacefulness.
Consequently, the trial court’s ruling excluding the réputation evidence was error, and it cannot be deemed harmless. Hoffman and Carménate gave completely different versions of the events that led to the stabbing. The trial court’s erroneous exclusion of this reputation evidence was prejudicial because evidence of Hoffman’s peacefulness would have corroborated his version of the events. If the jury had been allowed to hear Commissioner Rega-lado testify that Hoffman had a reputation for peacefulness, this evidence might have created a reasonable doubt as to Hoffman’s guilt.
Accordingly, the trial judge erred when she prohibited the commissioner from testifying about Hoffman’s reputation for peacefulness in the community. Because the State cannot establish beyond a reasonable doubt that the jury’s verdict would not have been different had the jury been allowed to hear about Hoffman’s reputation for peacefulness in the community, we reverse and remand for a new trial.
Reversed and remanded.