ROTHENBERG, J.
The defendant, Leonel Munoz, appeals his conviction for the manslaughter of Paul Suarez (“Mr. Suarez”). We affirm.
The facts are not in dispute. Mr. Suarez’s harassment of his ex-girlfriend, Jesai-da Rivera (“Ms. Rivera”), led to an altercation between them at Lakeside Market. Thereafter, Ms. Rivera told the defendant and co-defendant, Angel Dominguez, about the altercation, which led to everyone— Ms. Rivera, Mr. Suarez, the defendant, and the co-defendant — deciding to meet at the market. When Mr. Suarez arrived at the market, he remained in his vehicle, but pointed an AK-47 assault rifle at the defendant and co-defendant, stating: “I could kill you, I could light up your ass right now.” After a verbal altercation between Mr. Suarez and the co-defendant, Mr. Suarez exited his car without the AK-47 and began to remove his jewelry because he wanted to fight with the co-defendant. At that point, the defendant’s mother arrived at the market in her vehicle, and told Mr. Suarez to leave everyone alone. Heeding the defendant’s mother’s request, the defendant and Ms. Rivera started to walk towards the defendant’s mother’s vehicle, and Mr. Suarez started to walk towards his vehicle. Mr. Suarez, however, abruptly turned around and began to walk towards the defendant and Ms. Rivera, while continuing to argue with the co-defendant. While Mr. Suarez was walking towards Ms. Rivera and the defendant, Mr. Suarez placed his hand into his right pocket. The defendant, believing that Mr. Suarez was reaching for a gun, pulled out his own gun and shot at Mr. Suarez. Mr. Suarez fell to the ground, but the defendant continued to shoot. In total, the defendant fired his gun fourteen times, with ten projectiles striking various parts of Mr. Suarez’s body. Mr. Suarez died on the scene.
At trial, the defendant asserted that he shot Mr. Suarez in self-defense. Prior to trial, the defendant filed a motion in limine to obtain a pre-trial ruling regarding the admissibility of certain character evidence, including evidence of Mr. Suarez’s drug use and drug dealing, his reputation for *956 violence and for carrying a handgun, specific acts of violence allegedly committed by Mr. Suarez, and his recent release from prison for violent crime convictions. After carefully considering the arguments of counsel, the trial court ruled that evidence of Mr. Suarez’s drug use, drug dealing, and recent release from incarceration for violent crimes was inadmissible. The defendant does not appeal these rulings. As to the evidence of specific acts of violence, the trial court ruled they were admissible if and when the defendant testified and demonstrated his knowledge of these acts. The defendant also does not contest this ruling as he did testify and he was permitted to provide evidence of specific acts of violence allegedly committed by Mr. Suarez. The sole issue on appeal is whether the trial court abused its discretion by prohibiting the defendant from introducing evidence of Mr. Suarez’s reputation in the community for carrying firearms unless the defendant could first demonstrate that, prior to the shooting, he was aware of Mr. Suarez’s reputation in the community for carrying firearms.
Generally, evidence regarding a victim’s character is inadmissible. See § 90.404(1), Fla. Stat. (2009). The exceptions to this rule are where the victim’s character is an essential element in the case, Pino v. Koelber, 389 So.2d 1191, 1193 (Fla. 2d DCA 1980), or where, as here, the defendant asserts that he acted in self-defense. E.B. v. State, 531 So.2d 1053, 1054 (Fla. 3d DCA 1988). A defendant who asserts that he acted in self-defense must, however, lay a proper foundation before he may present evidence of the victim’s character, and that evidence must be relevant to resolve an issue as to either the victim’s conduct or as to the reasonableness of the defendant’s fear at the time of the incident. E.B., 531 So.2d at 1054. As part of that foundation, the defendant must establish that the victim committed some overt act at or about the time of the incident that reasonably indicated a need for action by the defendant in self-defense. Id.; Sanchez v. State, 445 So.2d 1, 2 (Fla. 3d DCA 1984); Hager v. State, 439 So.2d 996, 997 (Fla. 4th DCA 1983).
Once the proper foundation is laid, the defendant may introduce evidence of the victim’s reputation or of specific instances of the victim’s conduct. See § 90.405, Fla. Stat. (2009). There are, however, important distinctions and evi-dentiary requirements between reputation evidence and evidence of specific acts admitted under section 90.404(l)(b). Grace v. State, 832 So.2d 224, 226 (Fla. 2d DCA 2002); Pino, 389 So.2d at 1194.
 The purpose of introducing the reputation evidence in a self-defense case is to show that the victim was the initial aggressor. Pino, 389 So.2d at 1194. Reputation evidence is offered to show that the victim acted in conformity with a known character trait. Because reputation evidence relates to the conduct of the victim, the defendant is not required to have had prior knowledge of the victim’s reputation in the community. See Dwyer v. State, 743 So.2d 46, 48 (Fla. 5th DCA 1999) (holding that “a defendant who alleges self-defense can show, through the testimony of another witness, that the alleged victim had a propensity for violence, thereby inferring that the alleged victim was the aggressor. A defendant’s prior knowledge of the victim’s reputation for violence is irrelevant, because the evidence is offered to show the conduct of the victim, rather than the defendant’s state of mind.”) (citations omitted); Melvin v. State, 592 So.2d 356, 357 (Fla. 4th DCA 1992) (concluding that the trial court erred by excluding testimony that the victim had a reputation as a bully because there was no showing *957 that the defendant had knowledge of the victim’s reputation); Marcum v. State, 341 So.2d 815, 817 (Fla. 2d DCA 1977) (holding that where an issue is the identity of the initial aggressor, it is irrelevant whether the defendant was aware of his adversary’s reputation).
Conversely, the purpose of specific acts evidence in a self-defense case is to demonstrate the reasonableness of the defendant’s fear at the time of the incident. State v. Smith, 573 So.2d 306 (Fla.1990); Sanchez, 445 So.2d at 2; Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984); Marcum, 341 So.2d at 817. Because the defendant’s state of mind is at issue, before the defendant may introduce specific acts allegedly committed by the victim, he must show that he had prior knowledge of these acts. Pino, 389 So.2d at 1194; Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1971).
In the instant case, the trial court permitted the defendant to introduce evidence of specific acts of the victim (Mr. Suarez) to show that his fear of Mr. Suarez was reasonable and that his actions following an overt act by Mr. Suarez were reasonable. The trial court also permitted the defendant to introduce evidence that various people knew Mr. Suarez to carry a firearm. For example, one witness testified that he knew Mr. Suarez from the neighborhood and he knew Mr. Suarez carried a firearm. The defendant testified that he, his father, and some of the defendant’s friends had seen Mr. Suarez carrying a firearm. The only evidence the trial court excluded was the testimony of the defendant regarding Mr. Suarez’s reputation in the community for carrying a firearm.
Although the record is unclear as to the basis for the trial court’s ruling, the defendant contends the trial court excluded the reputation testimony because it concluded that evidence Mr. Suarez carried a gun could only be introduced by specific act, not reputation testimony. Because the record reflects that this is a reasonable interpretation of the trial court’s ruling, we will address the merits of the defendant’s argument.
The defendant argues that Mr. Suarez’s reputation for carrying a firearm was relevant to prove: (1) Mr. Suarez was the initial aggressor; and (2) the reasonableness of the defendant’s fear. We conclude that the trial court correctly excluded this reputation testimony for the purpose of proving that Mr. Suarez was the initial aggressor because the issue of who was the initial aggressor was not in dispute. There was no dispute that Mr. Suarez pointed the AK-47 at the defendant, co-defendant, and Ms. Rivera, made threats against them, wanted to fight the co-defendant, and after the defendant, co-defendant, and Ms. Rivera started to leave, Mr. Suarez turned around and continued the conflict. Thus, the trial court did not improperly exclude the reputation evidence on the basis that it was relevant to show that Mr. Suarez was the initial aggressor.
Although the issue of who was the initial aggressor was not in dispute, the reasonableness of the defendant’s fear and his subsequent actions were in dispute. Thus, we agree with the defendant that whether Mr. Suarez routinely carried a firearm was relevant to his claim of self-defense. Although Mr. Suarez placed the AK-47 in his car, whether he routinely carried a firearm and may have been in possession of a second concealed firearm was relevant to the reasonableness of the defendant’s fear, especially in light of the defendant’s testimony that when Mr. Suarez reached for his pocket, the defendant feared Mr. Suarez may have been reaching for a gun. We, however, disagree with the *958 defendant that his prior knowledge of Mr. Suarez’s reputation for carrying a gun was unnecessary. Because the reputation evidence was offered to prove the reasonableness of the defendant’s fear and his state of mind at the time of the shooting, the defendant was required to demonstrate his prior knowledge of Mr. Suarez’s reputation for carrying a concealed firearm. The distinction exists because reputation evidence offered to show that Mr. Suarez was the initial aggressor relates to Mr. Suarez’s conduct, whereas reputation evidence offered to show the reasonableness of the defendant’s fear, relates to the defendant’s state of mind, which requires the defendant to have knowledge of the reputation.[1]
The trial court did not err in excluding the reputation evidence in this case because the issue of whether Mr. Suarez was the initial aggressor was not in dispute and the defendant did not lay a proper predicate for introduction of the evidence to prove the reasonableness of his fear. We also find that even if the evidence was improperly excluded, the error would be harmless beyond a reasonable doubt, see State v. DiGuilio, 491 So.2d 1129 (Fla.1986), because the trial court permitted: (1) the defendant to testify that his father told him he had seen Mr. Suarez with a gun; (2) the defendant to testify he had seen Mr. Suarez shoot an AK-47 at a transformer on a prior occasion; (3) Mr. Alvarez, a witness from the neighborhood, to testify that he knew Mr. Suarez carried a firearm and he had observed him with a firearm; and (4) defense counsel to state in closing arguments that it was “common knowledge” that Mr. Suarez carried a gun.
Defense counsel argued in his closing argument:
Now, in this explosive moment of terror he also knows, because he saw Paul Suarez with a handgun in his back. He also knows because his friend told him he saw Paul Suarez with a handgun. And he also knows because, as he testified, his father once told him he saw Paul Suarez had in his waistband a handgun, but he was watching — but Paul Suarez did something. He walked toward his car when everybody was getting the car, and then all of a sudden again reversed his walking and walked all the way around the car....
[[Image here]]
What was that moment like? Explosive. An AK-47. A man that is unpredictable, and then you see that man reach to the back for a gun. What choice do you have when you’re [sic] mother, and your cousin, and your friend are standing right in that line of fire?
[[Image here]]
If you find Paul Suarez had a reputation for being a violent and dangerous person, and that his reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person dealing with an individual of that reputation. Leonel Munoz saw him with a gun. His best friend or one of his best friends saw him with a gun. And his father saw him with a gun. And even though he had nothing to do with this guy, and even though he wasn’t one of his friends, it was common knowl *959 edge among these three people that this guy carried a gun.
Because we conclude that the trial court correctly applied the law and did not abuse its discretion in prohibiting the defendant from introducing Mr. Suarez’s reputation in the community unless he was aware of that reputation, and that the exclusion of this evidence, if error, is harmless beyond a reasonable doubt, we affirm the defendant’s conviction for manslaughter.
Affirmed.

. We note that the defendant and the State have not provided us with a Florida case, and we have not found one, that holds, in a self-defense case, a defendant may introduce reputation testimony (as opposed to specific acts known to the defendant) to prove the reasonableness of the defendant’s fear. The State did cite to an unpublished federal Ninth Circuit case that held that reputation testimony regarding a defendant's propensity to carry a weapon is not admissible evidence. See United States v. Knaub, 81 F.3d 171, - (9th Cir.1996).