NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTONIO D. FOSTER, DOC #H32344,　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　Case No. 2D18-2136
　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　)
_____　)

Opinion filed August 2, 2019.

Appeal from the Circuit Court for Polk
County; William D. Sites, Judge.

SALARIO, Judge.

　　　　　　Antonio Foster appeals from a final order summarily denying his motion

for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  We

reverse insofar as his motion alleged facially sufficient claims that were not refuted by

the record related to three potential witnesses that Mr. Foster asserts were not called to

testify at his second trial.  In all other respects, including the postconviction court's

summary denial of claims related to witnesses other than the three described in this

opinion, we affirm the order without further comment.

　　　　　　After a jury trial, Mr. Foster was convicted of one count of second-degree

murder and one count of shooting into an occupied vehicle.  In his motion for

postconviction relief, he alleged that his trial counsel failed to ensure that three witnesses—Michael Grimsley, Jeremy Goldwire, and Sametria Adams—were present at trial and ready to testify. He alleged that these witnesses would give testimony that would impeach the State witness identifying him as the perpetrator and disprove the State's theory that there was a single gun and a single shooter. Upon our de novo review of the order, we conclude that the claims were sufficiently pleaded.[1] See, e.g., Penton v. State, 262 So. 3d 253, 256, 258 (Fla. 2d DCA 2018).

Moreover, the denials of these claims were not conclusively refuted by the portions of the record attached to the postconviction court's order. See Fla. R. Crim. P. 3.850(f)(4). The postconviction court did not attach any portions of the record to refute the claims concerning Mr. Grimsley and did not address Mr. Goldwire's related putative testimony at all. See Anderson v. State, 787 So. 2d 62, 63 (Fla. 2d DCA 2001) ("To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion."). Regarding Ms. Adams, who the denial order mistakenly refers to by the surname Jones, the limited record attached to the order does not refute Mr. Foster's

---

[1]We disagree with the postconviction court that Mr. Foster's claims concerning Mr. Grimsley are factually inconsistent. Mr. Foster asserts in one claim that Mr. Grimsley was available to testify and that trial counsel was ineffective for failing to present him, and in another he alleges that trial counsel was ineffective for not having Mr. Grimsley's testimony from a prior trial admitted if Mr. Grimsley was not available. The trial court should have regarded these claims as alternatives: Both claims are sufficiently pleaded, and unless one or the other is conclusively refuted by the record, an evidentiary hearing would be required. See, e.g., Jancar v. State, 711 So. 2d 143, 144 (Fla. 2d DCA 1998) ("The contradiction was not between the underlying evidentiary facts alleged in the motion, but between the alternative ultimate conclusions that could be derived from the single set of underlying facts.").

allegations that she would have disputed some of the State's identity witness's testimony.

Accordingly, we reverse and remand for the postconviction court to reconsider the claims that relate to these witnesses and either to attach portions of the record that supports the summary denial of these claims or to hold an evidentiary hearing.  See Green v. State, 827 So. 2d 1060, 1061 (Fla. 2d DCA 2002); Anderson, 787 So. 2d at 63.

Affirmed in part; reversed in part; remanded.

BLACK and BADALAMENTI, JJ., Concur.