991 So.2d 977 (2008)
Elmer MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-0654.
District Court of Appeal of Florida, First District.
September 22, 2008.
*978 Elmer Moore, pro se, Appellant.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion alleging an involuntary plea filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant has stated a facially sufficient claim, we reverse.
In the instant rule 3.850 motion, the appellant alleged that his guilty plea was involuntary because counsel misinformed him that the victim's prior criminal history and reputation of violence were inadmissible evidence. Evidence of a deceased victim's violent character is admissible when self-defense is asserted if there is an issue as to either the conduct of the deceased or the reasonableness of the defendant's belief as to imminent danger from the deceased. See § 90.404(1)(b), Fla. Stat. (2007); Banks v. State, 351 So.2d 1071, 1072 (Fla. 4th DCA 1977). A claim that a defendant entered a plea of nolo contendere based on the erroneous advice of counsel is generally cognizable in a postconviction motion under rule 3.850. See Bond v. State, 695 So.2d 778, 778 (Fla. 1st DCA 1997). A general acknowledgment during a plea colloquy that the defendant received no promises for the entry of a plea does not conclusively refute a sworn allegation that the defendant was prompted to enter the plea by the incorrect advice of his own lawyer. See id.
The appellant satisfied the specific pleading requirement and his motion is facially sufficient. Furthermore, the trial court did not refute his allegations with adequate record attachments.
We, therefore, reverse the summary denial of the appellant's claim alleging that his plea was involuntary and remand for the trial court either to attach record portions *979 conclusively refuting the appellant's claim or hold an evidentiary hearing.
REVERSED AND REMANDED.
BROWNING, C.J., WOLF, and WEBSTER, JJ., concur.