BENTON, C.J.
Lee Earnest Savage appeals his conviction and five-year sentence for aggravated battery, either causing great bodily harm or with a deadly weapon (a glass), or both, in violation of sections 784.03(2) and 784.045(l)(a), Florida Statutes (2009). At trial Mr. Savage maintained he acted in self-defense. Because the trial judge excluded evidence of specific acts of violence he had allegedly suffered on earlier occasions at the hands of the victim, we reverse.
Mr. Savage lived with Shanta Mack’s mother, Geneva Paige. Ms. Mack testified that she went to her mother’s home in order to speak to Mr. Savage, who grew angry and struck the back of her head with a glass. She denied that she first hit Mr. Savage and that Mr. Savage acted only in response to her initial attack. On the other hand, both Ms. Paige and Mr. Savage testified that Ms. Mack struck Mr. Savage before Mr. Savage hit her with the glass.
The trial judge disallowed testimony the defense sought to adduce of specific acts of violence Ms. Mack had purportedly inflicted upon Mr. Savage in the past. When defense counsel sought to elicit testimony that Ms. Mack had attacked him before— “because it goes to his knowledge and mindset at the time” of the offense charged in the present case — the trial court ruled that such evidence was “not the proper way to get in reputation evidence.”
There is, to be sure, “a distinction between reputation evidence and evidence of specific acts admitted under section 90.404(l)(b).” Grace v. State, 832 So.2d 224, 226 (Fla. 2d DCA 2002). “While reputation evidence may be offered to corroborate the defendant’s testimony by showing the victim’s propensity toward violence, specific act evidence is only admissible to prove the reasonableness of the defendant’s apprehension. State v. Smith, 573 So.2d 306, 318 (Fla.1990); Smith v. State, 606 So.2d 641, 643 (Fla. 1st DCA 1992); Williams v. State, 252 So.2d 243, 246-47 (Fla. 4th DCA 1971).” Grace, 832 So.2d at 226. But to prove the defendant’s apprehension was reasonable in the present case was the very purpose for which the defense offered evidence of specific acts.
Generally, evidence of acts evincing a “person’s character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion.” § 90.404(1), Fla. Stat. (2009). Pursuant to section 90.404(l)(b), however, “evidence of *1003 prior specific acts of violence by the victim is admissible to reveal the reasonableness of the defendant’s apprehension at the time of the incident” when self-defense is raised. Smith v. State, 606 So.2d 641, 643 (Fla. 1st DCA 1992). See also Moore v. State, 991 So.2d 977, 978 (Fla. 1st DCA 2008) (“Evidence of a ... victim’s violent character is admissible when self-defense is asserted if there is an issue as to either the conduct of the deceased or the reasonableness of the defendant’s belief as to imminent danger from the deceased.”); Grace, 832 So.2d at 226 (“Under this exception, a defendant may use character evidence to show that the victim of a crime was the aggressor in support of his defense of self-defense.”).
Finally, “before a defendant may introduce evidence of the victim’s character, he must first show that there was an ‘overt act by the [victim] at or about the time of the [incident] that reasonably indicated a need for [self-defense].’ ” Holland v. State, 916 So.2d 750, 760 (Fla.2005) (quoting Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984)). In the present case, evidence came in that was sufficient to establish the predicate for admitting evidence that the victim had done the accused violence in the past: Both Mr. Savage and Ms. Paige testified that Ms. Mack struck Mr. Savage before Mr. Savage hit Ms. Mack with the glass.
Mr. Savage’s theory of the case was self-defense, and the excluded evidence tended to support his theory. See B.B. v. State, 86 So.3d 1216, 1218 (Fla. 3d DCA 2012) (“[T]he trial court erred in concluding that Austin’s prior violent acts were not admissible when the key issue to [B.B.’s] defense was the reasonableness of the force used against her mother.”); Quintana, 452 So.2d at 101 (“[T]he fact that a claim of self-defense may be tenuous should not bar introduction of evidence of the victim’s ... prior specific acts of violence, if such evidence will explain or otherwise give ‘meaning, significance, or point to, the conduct of the [victim] at the time of the [incident].’... [W]here there is even the ‘slightest evidence’ of an overt act by the victim ‘which may be reasonably regarded as placing the accused apparently in imminent danger of losing his life or sustaining great bodily harm,’ all doubts as to the admissibility of evidence bearing on this theory of self-defense must be resolved in favor of the accused.” (citations & emphasis omitted)).
We are unable to say that the error in excluding this testimony was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The judgment of conviction and sentence are therefore reversed and the case is remanded for a new trial.
Reversed and remanded.
LEWIS and ROWE, JJ., concur.