IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOYCE ANGELO,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D15-3972

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed December 1, 2016.

An appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

Christopher F. Busch and Benjamin R. Kelley, Busch & Kelley, Special Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

Appellant challenges her conviction for aggravated battery with a deadly weapon. She argues the trial court erred in prohibiting her from testifying regarding prior specific acts of violence committed by the victim. The State concedes that the trial court erred. We agree. See Savage v. State, 99 So. 3d 1001,

1002-03 (Fla. 1st DCA 2012) (finding that pursuant to section 90.404(1)(b), Florida Statutes, once the defendant presents evidence that the victim committed an overt act at or near the time of the incident that reasonably indicated the need for self-defense, the defendant may present evidence of prior specific acts of violence by the victim to prove the reasonableness of the defendant's apprehension at the time of the incident).

The parties dispute whether the error was harmless. The State argues that it met its burden to show the error was harmless because appellant was still able to present her theory of defense, and appellant's version of the events was contradicted by the eyewitnesses. However, while there were two eyewitnesses who testified to the events around the time of the incident, neither witness testified that he or she saw how the conflict began or was watching when the victim was cut. Thus, the State cannot prove beyond a reasonable doubt that the error did not contribute to the verdict. See Grace v. State, 832 So. 2d 224, 227 (Fla. 2d DCA 2002) (finding the error in excluding testimony of prior specific acts of violence of the victim was not harmless even though three eyewitnesses testified that the defendant hit the victim unprovoked, reasoning "the fact that [the defendant] did not have any corroborative testimony to support his defense supports [his] argument that the error contributed to the verdict"). As such, we REVERSE.

BILBREY and M.K. THOMAS, JJ., CONCUR.